Steven W. HOWELL, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., Appellees.**

No. 06–00–00062–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 18, 2000.

Decided Aug. 21, 2000.

Steven W. Howell, New Boston, pro se.

John Cornyn, Atty. Gen., Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

Steven Howell appeals from the dismissal of his lawsuit against the Texas Department of Criminal Justice–Institutional Division, et al. He alleged in his petition that he slipped, fell, and broke his wrist because the defendants had negligently designed and constructed the bathroom area of the prison, creating a hazardous condition that was a cause of his injury. He contends the condition had previously caused similar injuries to fifteen to twenty other inmates.

The trial court reviewed Howell's petition and concluded that the suit was barred by res judicata, because Howell had previously filed a suit based on the same circumstances and allegations in the United States District Court for the Eastern District of Texas, Texarkana Division, Civil Action No. 5:98 CV 266, which had been dismissed for failure to state a claim on which relief could be granted. The court thus dismissed the lawsuit before service or answer by the State.[1] Howell contends on appeal that the trial court abused its discretion by dismissing the appeal. The State has not filed a responsive brief. The dismissal was based on res judicata.[2]

The trial court's order is a mix of old and new. It states explicitly that the reason for its disposition is the application of res judicata. The procedure followed, however, is that set out by TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon Supp. 2000).[3] The lawsuit was dismissed before the defendants even knew that they had been sued, which is a procedure allowed by chapter 14. However, the result should technically not have been a dismissal based on res judicata, but based instead on the remedy provided by the statute. Section 14.003(b)(4) provides that the court may dismiss a claim before service if the "claim is substantially similar to a previous claim filed by the inmate because the claim

---

1. The petition was filed on February 28, 2000; the dismissal was signed on March 3, 2000.

2. Under Texas law, res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). It requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

3. If the common-law concept of res judicata applied, procedural problems would mandate reversal. Res judicata is an affirmative de-

fense under TEX.R. CIV. P. 94 and should be treated as a plea in bar, which reaches the merits of the case. *Walker v. Sharpe*, 807 S.W.2d 442, 446 (Tex.App.-Corpus Christi 1991, no writ). A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or a summary judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, 214 (1958); *Walker*, 807 S.W.2d at 447. The proper procedure in sustaining a plea of res judicata is to render a take-nothing judgment in favor of a defendant. *In re: A.L.J.*, 929 S.W.2d 467, 470 (Tex.App.-Tyler 1996, writ denied); *Walker*, 807 S.W.2d at 447 n. 2. In the present case, Howell did not agree to the procedure, and summary judgment was not utilized.

arises from the same operative facts." The statute thus contains the same language used to define the common-law concept of res judicata. Both apply the same "claims" language, which has been interpreted in a res judicata context as setting out a transactional test to determine whether a lawsuit is barred. Thus, even though the court did not use the statutory language, the analysis to be used in determining whether the present lawsuit is barred is the same in either circumstance.

■ As a chapter 14 review, we look to see if the trial court abused its discretion by dismissing the lawsuit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ); *Birdo v. DeBose*, 819 S.W.2d 212, 214 (Tex.App.-Waco 1991, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Stated another way: Was the act of the court arbitrary or unreasonable? *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970).

■ When the trial court dismissed the lawsuit, it had nothing before it for review except the petition filed by Howell and its attachments. In the petition, Howell sets out his complaint under the Tort Claims Act for injuries due to unreasonably designed flooring in bath facilities, and notes that "THE PLAINTIFF'S CLAIM IS ONE OF 'NEGLIANCE' (sic) AND/OR LACK OF 'DUE CARE' AS DECREED BY THE HONORABLE JUDGE DAVID FOLSOM ON THE 7th DAY OF JAN. 1999...." In the affidavit required by chapter 14, Howell states that he has filed the following suit:

CIVIL ACTION No. 5:98 CV 266, CONCERNING DISPUTE OVER PRISONERS RIGHTS OF "LIVING SAFTEY (sic)," AND VIOLATION OF PRISONERS RIGHTS TO LIVE IN UNSAFE AND HAZARDOUS CONDITIONS.

RESULT: JUDGE FOLSOM OF THE UNITED STATES DISTRICT COURT DECLAIRED (sic) THAT: "THE CLAIM WAS ONE OF ALLEGED NEGLIENCE (sic), OR LACK OF 'DUE CARE.'"

No copy of the pleadings or judgment from the federal case appears in the record. Thus, one question before this Court is whether the language above is sufficient to permit the trial judge to conclude that this lawsuit is "substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." Tex. Civ. Prac. & Rem.Code Ann. § 14.003(b)(4). We suspect that the two suits may have been "substantially similar." However, neither our suspicion nor that of the trial court is sufficient to justify dismissal on this basis.[4] It is a conclusion that is not founded on or supported by the record, which is wholly silent on this point. The record also does not reflect that the federal disposition was a judgment on the merits. Both requirements must be met before res judicata may be applied.

We find the trial court's summary disposition of this case, made without sufficient information to allow the court to determine the similarity of the suits, is an abuse of discretion.

The judgment is reversed and remanded to the trial court for further proceedings.

---

4. To prevail on summary judgment seeking a dismissal based on res judicata, a party must produce proper summary judgment evidence, including verified or certified copies of the judgment and pleadings establishing the asserted plea of res judicata. *See Boswell v. Handley*, 397 S.W.2d 213, 216 (Tex.1965); *Walker*, 807 S.W.2d at 447. Because of the posture of this lawsuit, the party which would ordinarily seek such relief has not even been served-and thus has obviously not provided such information. Nonetheless, appropriate evidence of some sort should be before the trial court to justify such a summary disposition of a claim.