In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00030-CV


______________________________




ANGEL MARTINEZ VACCA, Appellant



V.



RONALD L. FARRINGTON, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01-C-0457-202




 





Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Grant



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Angel Martinez Vacca appeals the dismissal of his suit brought under 42 U.S.C.A. § 1983
(West Supp. 2002) against Ronald L. Farrington, et al. His suit alleged the defendants violated his
constitutional rights by participating in a civil conspiracy, in retaliation to Vacca's filing a suit in
federal court complaining of staff misconduct. He alleges the appellees violated his rights by
changing his job assignment, placing him in a dangerous environment, filing false disciplinary
actions against him, placing him in solitary confinement, depriving him of adequate nutrition, and
reducing his custody level from minimum security to medium security. 

 Vacca contends the trial court abused its discretion in dismissing his suit as frivolous. 

 The special master assigned to Vacca's case reported that the allegations involved in Vacca's
suit were directly related to and the result of Vacca's filing of a suit in federal court and were
therefore inextricably intertwined with the federal questions over which a federal court had asserted
jurisdiction. The special master recommended the trial court either dismiss the suit for lack of
jurisdiction or remove the action to federal court where the primary action was pending. The Special
Master did conclude that if the trial court asserted jurisdiction over the suit, Vacca had alleged facts
which, if credible, would establish a prima facie case. 

 The Order of Dismissal filed by the trial court stated

 [T]he Court having reviewed the evidence in this matter, the pleadings on file, and
the evidence recommendations of the Special Master and being of the opinion that
this cause, if asserted, relates to actions purportedly related to previous Federal
litigation and the Court also being of the opinion that the matters asserted there are
frivolous and that the actions taken by prison personnel were within their authority, 

 The Court hereby dismisses said cause of action. 


 Because Vacca is an inmate and filed an affidavit of inability to pay costs, his suit is
governed by Chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.
Code Ann. § 14.001, et seq. (Vernon Supp. 2002). Under this chapter, a trial court has broad
discretion to dismiss an inmate's suit if it finds the claim is frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003; see Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston
[1st Dist.] 1998, no pet.). In determining whether a claim is frivolous or malicious, the court may
consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no
arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises
from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon Supp.
2002). However, the Texas Supreme Court has discouraged reliance on whether the claim's realistic
chance of ultimate success is slight or whether it is clear the party cannot prove facts in support of
the claim as a basis for the claim's dismissal. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.
1990). A trial court's dismissal of an action as frivolous or malicious is subject to review under an
abuse of discretion standard. See Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.-Houston [14th
Dist.] 1996, writ denied). Abuse of discretion exists where a court acts without reference to
applicable guiding principles, acts arbitrarily, or misinterprets or misapplies those guiding rules or
the law. Letson v. Barnes, 979 S.W.2d 414, 417 (Tex. App.-Amarillo 1998, pet. denied). 

 Under Tex. Civ. Prac. & Rem. Code § 14.005(b), the trial court "shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate receives the written
decision from the grievance system." However, the trial court did not include this as a ground for
dismissal in its Order of Dismissal, so we shall not consider whether dismissal would have been
proper under this provision. 

 Vacca first argues the trial court could not have properly dismissed his suit under Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(b)(4). Vacca argues that the language of Section 14.003(b)(4),
that "the claim is substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts," contains the same concept as res judicata and, therefore,
requires that the same three elements required for res judicata be met in order for the claim to be
frivolous: a prior final judgment on the merits by a court of competent jurisdiction, identity of
parties or those in privity with them, and a second action based on the same claims as were raised
or could have been raised in the first action. See Amstadt v. United States Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996). Vacca argues that no judgment had been rendered in his federal litigation and,
therefore, the first element could not be met. 

 In Howell, we determined that the language set forth in the statute permitting dismissal of
claims substantially similar to previous claims arising out of the same operative facts was the same
language used to define the common-law concept of res judicata. See Howell v. Tex. Dep't of
Criminal Justice, 28 S.W.3d 125 (Tex. App.-Texarkana 2000, no pet.). We concluded the analysis
to be used was the same under both Section 14.003(b)(4) and res judicata. Id. Our analysis of the
similarity between res judicata and Section 14.003(b)(4) focused on the "same claims" element of
res judicata, which has been interpreted as setting out a transactional test, comparing the operative
facts of the claims, to determine whether a lawsuit is barred. It is this transactional approach which
is the same for determining the propriety of a dismissal under both res judicata and
Section 14.003(b)(4). We determined in Howell that the information in the record was not sufficient
to support the trial court's conclusion that the two suits were substantially similar. Although we also
mentioned there was no evidence of a final judgment in Howell, as required by res judicata, we did
not intend to imply that Section 14.003(b)(4) required a final judgment or a determination of the
previous claim. The language of Section 14.003(b)(4) does not suggest such a requirement.

 Vacca's Affidavit Identifying Suit describes his federal case stating, "Relief is being sought
on a retaliation claim under the First, Eighth, and Fourteenth Amendments to the United States
Constitution, and State Law." None of the defendants listed in the affidavit are involved in this suit. 
The Special Master concluded, "Since the allegations involved in the subject lawsuit are directly
related to and the result of Plaintiff's filing of a suit in federal court, any state issues are inextricably
intertwined with federal questions over which a federal court has asserted jurisdiction." 

 Although both of Vacca's claims involve allegations of retaliation and violations of
constitutional rights, this information is insufficient to determine that the claims arise from the same
operative facts. To the extent the trial court dismissed Vacca's claims under Section 14.003(b)(4)
because his claims related to his claims pending before the federal court, the trial court erred. 

 Vacca further argues that the trial court's action dismissing his suit as frivolous was fatally
flawed and is contrary to the law. The trial court's order stated generally that Vacca's claims were
frivolous. Chapter 14 provides three other factors for the trial court to consider in determining
whether an inmate's claims are frivolous: whether the claim's realistic chance of ultimate success
is slight; whether the claim has no arguable basis in law or in fact; or whether it is clear the party
cannot prove facts in support of the claim. Before the trial court could legitimately find that Vacca's
claims had a slight chance of success, that his claims had no basis in fact, or that he would be unable
to prove facts to support his claims, the trial court would be obligated to conduct an evidentiary
hearing. See In re Wilson, 932 S.W.2d 263, 265 (Tex. App.-El Paso 1996, no writ). The record
reveals no hearing was conducted by the trial court or the special master. The trial court could not
have properly dismissed Vacca's suit on those grounds. The only possible ground remaining would
be that Vacca's claims had no arguable basis in law. 

 In reviewing whether the trial court properly decided there was no arguable basis in law for
Vacca's suit, we examine the type of relief and causes of action pleaded in his petition to determine
whether it stated a cause of action authorizing relief. Lentworth, 981 S.W.2d at 722. We evaluate
pro se pleadings by standards less stringent than those applied to formal pleadings drafted by
lawyers. Id.

 Vacca brought suit under 42 U.S.C.A. § 1983 to enforce his rights under the First, Fifth,
Eighth, and Fourteenth Amendments to the United States Constitution. Vacca alleged the following
facts in his petition. 

 On August 2, 2000, Vacca attempted to obtain an inmate trust account printout (PLRA) from
a correctional officer for the purpose of mailing his civil rights complaint. The correctional officer,
Tia Range, asked to see the papers which required a PLRA and looked through the copy of the
complaint Vacca provided before handing it back to Vacca to fill out a request for a PLRA. On August 4, 2000, after the PLRA request was processed, Vacca was served with an Official
Move Ticket, or job change, to collect books from the deposit-drop box in building eight on
Wednesday mornings. 

 On August 23, 2000, the first Wednesday after Vacca's job change that appellees Ronald L.
Farrington and Jonathan R. Rayburn worked, they allegedly contrived a disciplinary infraction
against Vacca in retaliation for his initiating a federal complaint against their friends and coworkers. 
Vacca alleges Farrington knowingly and intentionally dropped a $100 bill on the floor while
conducting a strip search of Vacca, for which a disciplinary hearing was conducted on August 30,
2000. As a result of the hearing, at which the disciplinary hearing officer, Captain M. Glass, heard
contradictory testimony from Farrington and Rayburn, and found Vacca guilty of a disciplinary
infraction. Vacca was ordered to serve fifteen days in solitary confinement as one of the conditions
of punishment. On August 31, 2000, Captain Glass's wife, Zelda Glass, also an employee at the
detention facility, initiated a unit classification hearing for Vacca and as a result, Vacca's custody
level was changed from minimum to medium housing, and Vacca was denied "hot meals" during his
stay in solitary confinement. 

 Vacca alleged that the appellees conspired in their efforts to retaliate against him for his
initiation of a federal complaint. Specifically, Vacca points to Farrington's action of dropping the
$100 bill during the strip search, Rayburn's acts related thereto, and Zelda Glass's act of approving
the job change and later initiating a classification hearing requesting deprivation of "hot meals"
during his solitary confinement and a reduction in his level of custody to a lesser-privileged area as
acts committed in furtherance of the conspiracy to deprive him of his constitutional rights in
retaliation for his attempt to exercise his right of access to the courts for redress from staff
misconduct. 

 Vacca alleges that as a result of the retaliation, he experienced pain, humiliation, weight loss,
emotional distress, punishment without due process, imminent fear for his life, and a "chilling" of
his right to exercise access to the courts. He seeks compensatory and punitive damages, attorney's
fees, interest, and any other relief to which he may be entitled. 

 Section 1983 provides a remedy when any person acting under color of state law deprives
another of rights, privileges, or immunities protected by the United States Constitution or laws.
Thomas v. Collins, 960 S.W.2d 106, 109 (Tex. App.-Houston [1st Dist.] 1997, pet. denied). Vacca's
pleadings accuse appellees of depriving him of his rights under the First, Fifth, Eighth, and
Fourteenth Amendments to the United States Constitution by conspiring and retaliating against him
for filing a suit in federal court complaining of staff misconduct; thus, Vacca has stated a claim in
law under Section 1983. The trial court abused its discretion by dismissing Vacca's suit on the
ground that his suit lacked any arguable basis in law. Vacca's point of error is sustained. 

 The judgment of the trial court is reversed, and the case is remanded to the trial court for
further proceedings consistent with this opinion.



 Ben Z. Grant

 Justice


Date Submitted: April 15, 2002

Date Decided: August 27, 2002


Publish