NO. 07-03-0375-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 27, 2005

_____

RICKY D. STARKS, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 90,931-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Ricky D. Starks appeals an order dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm the dismissal.

Starks is an inmate housed in the William P. Clements Unit of the Institutional Division of the Texas Department of Criminal Justice (the "Department"). He filed suit

against the Department[1] in December 2002, seeking damages for personal injuries to his face and head allegedly suffered from the prison's use of defective, contaminated and unsterilized barber clippers and its misuse of a chemical disinfectant spray. The suit was based on events occurring in October 2002. It was assigned cause number 90,654-B in the 181st District Court of Potter County. In February 2003, Starks submitted a second pleading asserting the same causes of action, which was filed in the same cause. The 181st District Court dismissed cause number 90,654-B pursuant to Chapter 14, and we dismissed Starks' appeal of that action for want of jurisdiction because it was untimely filed. *Starks v. Texas Dep't Crim. Justice*, No. 07-03-0278-CV, 2004 WL 1987023 (Tex.App.–Amarillo Aug. 30, 2004, no pet.).

Shortly after the 181st District Court's dismissal of cause number 90,654-B, Starks filed a petition asserting against the Department the same causes of action, adding allegations of similar injuries to his face caused in December 2002 by the use of similarly contaminated clippers in a different building of the prison. This petition was assigned cause number 90,931-C in the 251st District Court of Potter County. With the petition, Starks filed the affidavit required by Section 14.004,[2] and later filed a supplement to the affidavit, which described in detail the circumstances surrounding his filing of the last petition and the contentions made therein. This petition too was dismissed, before service of process and

---

[1]In the petition filed in cause number 90,654-B, but not the petition filed in cause number 90,931-C, Starks also named Texas Tech University Health Sciences Center as a defendant.

[2]Unless otherwise indicated, references to Sections are to the Texas Civil Practice and Remedies Code Annotated (Vernon 2002).

without a hearing.  In its order of dismissal, the court, citing Section 14.003(b)(4), stated the claims asserted in the two suits were substantially similar because they arose from the same operative facts.  Starks timely appealed from the dismissal of cause number 90,931-C.

Starks presents two issues on appeal. He asserts first that the trial court abused its discretion in dismissing his lawsuit *sua sponte* pursuant to Section 14.003(b)(4) and secondly that he is constitutionally immune from the application of Section 14.003(b)(4) because it deprives him of "equality under the law" because of race, in violation of Article I, Section 3a of the Texas Constitution.

When a suit is brought in a district court by an inmate who files an affidavit or unsworn declaration of inability to pay costs, the suit is subject to the provisions of Chapter 14 of the Civil Practice and Remedies Code.  Chapter 14  allows dismissal of a claim if the court finds that the claim is frivolous or malicious. § 14.003(a)(2).  In determining whether a claim is frivolous or malicious, the court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b)(4).

We review the dismissal of a lawsuit under Chapter 14 for an abuse of discretion. *Jackson v. Texas Dep't of Crim. Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex.App.–Corpus Christi 2000, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ).  Trial courts are given broad discretion in determining if a case should be dismissed because: (1) prisoners have a strong incentive to litigate; (2) the

government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Retzlaff v. Texas Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex.App.–Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex.App.–Tyler 1994, no writ). A court abuses its discretion when it acts without reference to any guiding rules and principles, or acts arbitrarily or unreasonably in the circumstances. *Retzlaff*, 94 S.W.3d at 654. S*ee Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In his argument in support of his first issue, Starks contends Section 14.003(b)(4) embodies the doctrines of res judicata and collateral estoppel.[3] He points out that res judicata is an affirmative defense, citing Rule of Civil Procedure 94, and contends that Section 14.003(b)(4) also should be treated as such. He argues that the trial court thus abused its discretion by dismissing his suit under Section 14.003(b)(4) *sua sponte*, without requiring the defendant to set up the defense that the suit was substantially similar to a previous claim. In so doing, according to Starks, the trial court abandoned its required impartiality and became an advocate for the defendant. Starks's contention ignores the express provisions of Section 14.003, by which the trial court is authorized to dismiss a claim even before service of process on the defendant. *See Wilson v. TDCJ-ID*, 107 S.W.3d 90, 92 (Tex.App.–Waco 2003, no pet.) (court need not rely on motion of defendant

---

[3]Starks incorrectly asserts in his argument that Section 14.003(b)(4), res judicata and collateral estoppel are "one and the same." Though they address similar policies, res judicata and collateral estoppel are distinct doctrines. *See generally Barr v. Resolution Trust Corp.,* 837 S.W.2d 627 (Tex. 1992).

to exercise its discretionary power to dismiss under Chapter 14); *McCollum v. Mt. Ararat Baptist Church, Inc.*, 980 S.W.2d 535, 537 (Tex.App.–Houston [14th Dist.] 1998, no pet.) The trial court did not become an advocate by following the provisions of the statute.

Starks also cites *Howell v. Texas Dep't of Criminal Justice*, 28 S.W.3d 125 (Tex.App.–Texarkana 2000, no pet.), to support his argument that dismissal of his suit based on res judicata was error. He contends the dismissal of his previous claim in cause number 90,654-B cannot have operated as res judicata because it was not a judgment on the merits of the claim.[4] In *Howell*, the court dealt with a trial court order that specifically stated its dismissal of an inmate's suit was based on the application of res judicata. The court concluded that the analysis under Section 14.003(b)(4), whether a claim is substantially similar to one previously filed, is the same as that applied to determine whether a claim is precluded from assertion by res judicata. *Howell*, 28 S.W.3d at 127-28. In a later opinion the Texarkana court has explained that its discussion in *Howell* focused on the "same claims" element of res judicata and was not intended to imply that dismissal by virtue of Section 14.003(b)(4) requires a final judgment or determination of the previous claim. *Vacca v. Farrington*, 85 S.W.3d 438, 440 (Tex.App.–Texarkana 2002, no pet.). The court there noted that the language of Section 14.003(b)(4) does not suggest such a requirement. We agree. The trial court was not precluded from concluding Starks's suit was frivolous

---

[4]Starks's contention assumes cause number 90,654-B was dismissed without prejudice, since a dismissal with prejudice constitutes an adjudication on the merits for res judicata purposes. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex.App.–Houston [14th Dist.] 2000, no pet.). Nothing before us indicates whether the dismissal of cause number 90,654-B was with, or without, prejudice.

based on Section 14.003(b)(4) simply because the record does not demonstrate his previous claim had been determined by a final judgment on its merits.

Lastly, Starks contends in any event his claims arising from the December 2002 use of contaminated clippers should not have been dismissed because they arose from different operative facts than those occurring in October 2002. Starks points out the later occurrence caused him additional injuries and involved a different set of clipper blades and different personnel. We agree with the Texarkana court that the "transactional" analysis used in determinations of the "same claim" element of res judicata can be helpful in reviewing findings under Section 14.003(b)(4). *See Vacca*, 85 S.W.3d at 440. Under that analysis the determination is to be made pragmatically, with such considerations as the relationships among the facts and the effect on trial of the case. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630-631 (Tex. 1992). Here, Starks sought in the two causes to establish the Department's liability[5] for injuries he suffered on two occasions from the prison's use of defective and contaminated clipper blades and the chemicals used on the blades. From the information in the Section 14.004 affidavit Starks submitted with the petition filed in cause number 90,931-C, the trial court would have learned that the petition restated the claims accrued in October asserted in the earlier petitions, as well as his claims arising from the December occurrence.[6] The injuries alleged are described in similar terms as "injury caused

---

[5]No individuals were named as defendants in either cause.

[6]Indeed, Starks entitled the petition assigned cause number 90,931-C "Second Supplemental Complaint Against the Texas Department of Criminal Justice." In addition, the court's order of dismissal in this case states that the court reviewed the pleadings on file in Cause No. 90,654-B before making its determination that the claims asserted in this cause are substantially similar to those previously asserted.

-6-

to the skin of his face and head," "injuries to the head and chemical burns" and "damages . . . to the skin of his face." Although the injuries occurred something over two months apart and in different locales in the prison involving different personnel, those factors are not significant with respect to the Department's liability. The trial court did not abuse its discretion in finding the claims against the Department arising in December 2002 arose from the same operative facts as those also asserted in cause number 90,654-B. Starks's first issue is overruled.

In his second issue, Starks argues that because Chapter 14 applies only to inmates, it denies "equality under the law" based on inmate status, which he attempts to equate to a separate "race" under the Equal Rights Amendment to the Texas Constitution. *See* Texas Constitution art. I, § 3a.

The contention presented in this second issue was not made to the trial court, either in Starks's pleadings or in his timely-filed "motion to reinstate" following the order of dismissal. It therefore has not been preserved for appellate review. Tex. R. App. P. 33.1. *See In re Vega*, 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 600 (Tex.App.–Amarillo 1995, no writ) (both cases applying requirement to constitutional claims).

Further, we note the Equal Rights Amendment proscribes denials of equality under the law based on a person's membership in a protected class of sex, race, color, creed, or national origin. *See Bell v. Low Income Women of Texas*, 95 S.W.3d 253, 257 (Tex. 2002). Just as criminal defendants in general have not been recognized as a suspect class for

purposes of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution, see *Dinkins v. State*, 894 S.W.2d 330, 342 (Tex. Crim. App. 1995), we find that inmates are not a race for purposes of our state's Equal Rights Amendment.  Starks cites us to no authority holding to the contrary.  Starks's second issue is overruled.

The judgment of the trial court is affirmed.  Starks's pending motion for concurrent submission of this appeal with appellate docket number 07-03-0278-CV was rendered moot by our dismissal of that appeal for want of jurisdiction, and is therefore overruled.


James T. Campbell
Justice