In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00072-CV
______________________________


ROBERT KING CONWAY, JR., Appellant
 
V.
 
RICHARD THOMPSON, III, ET AL., Appellees


                                              

On Appeal from the 87th Judicial District Court
Anderson County, Texas
Trial Court No. 9991


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Robert King Conway, Jr., sued several individuals employed at the prison at which he is
incarcerated, alleging they broke his word processor and confiscated his cowboy boots. Without
holding a hearing and before service of process on the defendants, the trial court dismissed Conway's
lawsuit with prejudice after finding the suit was frivolous or malicious because its chance of
succeeding was slight. Conway, pro se, urges on appeal that the trial court erred in dismissing his
suit and attaching prejudice to the dismissal.


 Though we hold (1) a proper dismissal could have
been with prejudice, we hold (2) dismissal was error.
1. A Proper Dismissal Could Have Been with Prejudice
            Conway contends the court erred by attaching prejudice to its dismissal of his suit. Because
the dismissal was based on the merits of the case, the court did not err by attaching prejudice to the
dismissal. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (dismissal with prejudice
operates as if case fully tried and decided). Compare Thomas v. Skinner, 54 S.W.3d 845 (Tex.
App.—Corpus Christi 2001, pet. denied) (improper to dismiss with prejudice if dismissal based on
procedural shortcomings that could be remedied by amendment). We overrule this point of error.
 
2. Dismissal Was Error
            We review a dismissal of an in forma pauperis suit under an abuse of discretion standard. 
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ); see Martinez v. Thaler,
931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Abuse of discretion exists
where a court acts without reference to applicable guiding principles, acts arbitrarily, or misinterprets
or misapplies those guiding rules or the law. Vacca v. Farrington, 85 S.W.3d 438, 440 (Tex.
App.—Texarkana 2002, no pet.); Letson v. Barnes, 979 S.W.2d 414, 417 (Tex. App.—Amarillo
1998, pet. denied). Trial courts are given broad discretion to determine whether a case should be
dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost
of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious
claims accrues to the benefit of state officials, courts, and meritorious claimants. See Montana v.
Patterson, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ). We will affirm such a
dismissal if it was proper under any legal theory. Birdo v. Debose, 819 S.W.2d 212, 215 (Tex.
App.—Waco 1991, no writ). In considering the record before us, we review and evaluate pro se
pleadings with liberality and patience, but otherwise apply the same standards applicable to
pleadings drafted by lawyers. Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002,
pet. denied).
            This type of suit is controlled by Chapter 14 of the Texas Civil Practice and Remedies Code. 
Section 14.003(a)(2) provides that a court may dismiss before or after service of process if the court
finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002).
 In determining whether a claim is frivolous or malicious, the court may consider
whether:
                        (1) the claim's realistic chance of ultimate success is slight;
                        (2) the claim has no arguable basis in law or in fact;
                        (3) it is clear that the party cannot prove facts in support of the claim; or 
(4) the claim is substantially similar to a previous claim filed by the inmate 
            because the claim arises from the same operative facts.

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).
            We find the dismissal was error


 because—though we conclude that (a) there is no claim or
indication that Conway's suit is substantially similar to a previous claim—we hold that (b) without
holding a hearing, the trial court could not legitimately make an affirmative finding on the fact-based
factors supporting dismissal—slight chance of success, no arguable basis in fact, or inability to prove
facts—and (c) an arguable basis in law exists in two of the three causes of action Conway has pled.
 
 
a.  Conway's Suit Is Not Substantially Similar to a Previous Claim
            There is no claim, finding, or indication that Conway's claim is substantially similar to a
previous claim. Therefore, we focus on whether any of the other three factors are present. The trial
court found simply that the suit was frivolous because the claim's realistic chance of ultimate success
was slight. But we review each of the other factors that might support dismissal.



            b. Without a Hearing, a Fact-based Dismissal Was Improper
            The Texas Supreme Court discourages courts from dismissing suits based solely on a
determination that the inmate has a slight realistic chance of success. See Johnson v. Lynaugh, 796
S.W.2d 705, 706 (Tex. 1990);


 Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 274 (Tex.
App.—Texarkana 2003, no pet.).
            The record reveals no hearing was conducted by the trial court. When the trial court
dismisses a claim without a hearing, we are to determine on appeal simply whether the claim had
no arguable basis in law, which we review de novo. Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex.
App.—Houston [1st Dist.] 2002, no pet.); Sawyer v. Tex. Dep't of Criminal Justice, 983 S.W.2d 310,
311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). That is because, when a claim is dismissed
without a fact hearing, the trial court could not have determined that the suit had no arguable basis
in fact. Harrison v. Tex. Dep't of Criminal Justice-Inst. Div., 915 S.W.2d 882, 887 (Tex.
App.—Houston [1st Dist.] 1995, no writ); see Vacca, 85 S.W.3d at 441; In re Wilson, 932 S.W.2d
263, 265 (Tex. App.—El Paso 1996, no writ).
            c. Two Causes of Action Have an Arguable Basis in Law
            Though not a model of clarity, Conway's petition essentially alleges causes of action against
three individuals, Richard Thompson, III, in both his official and personal capacities, Martina
Cordell, in both her official and personal capacities, and Leslie Hazelwood, in her personal capacity. 
It invokes Section 1983 of Title 42 of the United States Code and contains allegations asserting
infringement of Conway's rights under the Fourteenth Amendment to the United States Constitution,
as well as conversion and negligence. Though Conway, in attempting to state a constitutionally-based cause of action, explicitly refers only to equal protection, his petition essentially asserts a
denial of due process. We interpret his petition, therefore, as pleading causes of action for denial
of due process, conversion, and negligence.
            Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the
United States . . . to the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws . . . ." 42 U.S.C.A. § 1983 (West 1981). Actions against officials in their
official capacities are actions against the governmental unit for which they work. Neither a state nor
its officials acting in their official capacities are "persons" under Section 1983. Will v. Mich. Dep't
of State Police, 491 U.S. 58, 71 (1989); Estate of Terrell v. Sisk, 111 S.W.3d 274, 282 (Tex.
App.—Texarkana 2003, no pet.). Therefore, the claims made under Section 1983 against the
defendants in their official capacities do not, as a matter of law, satisfy the first prong of a Section
1983 claim, and the trial court properly dismissed those claims. A Section 1983 claim will lie,
however, against state employees in their personal capacities, and Conway's petition also sought
recovery from the three individuals in their personal capacities. So, if he has substantively stated a
legally arguable claim against the individuals, personally, for denial of due process, conversion, or
negligence, such claim should not have been dismissed.
                        i. Due Process Claim Is Not Arguable
            The Due Process Clause is not invoked when an unauthorized, intentional act of a state prison
official causes the loss of property if there is an adequate post-deprivation remedy, such as a suit for
conversion. Hudson v. Palmer, 468 U.S. 517, 533–35 (1984); Myers v. Adams, 728 S.W.2d 771, 772
(Tex. 1987). Conway's petition also invokes a negligence cause of action, but the Due Process
Clause is not invoked by negligent acts of state officials that cause unintended loss or injury, as such
acts do not deprive a person of life, liberty, or property within the meaning of the Fourteenth
Amendment. Daniels v. Williams, 474 U.S. 327 (1986); Myers, 728 S.W.2d at 772. Therefore,
Conway does not have a legally arguable cause of action for a due process violation, and that claim
was properly dismissed.
                        ii. Conversion Claim Is Arguable
            But Conway also alleges the defendants permanently deprived him of personal property: his
cowboy boots—by confiscating them and then refusing to return them—in violation of their own
internal rules. Conversion is defined as the wrongful exercise of dominion and control over another's
property in denial of or inconsistent with his or her rights. Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 210 n.44 (Tex. 2002). Conway has thus stated a claim for conversion that has an
arguable basis in law.
                        iii. Negligence Claim Is Arguable
            Conway's remaining complaint is that his word processor was damaged by the negligence or
intentional acts of Hazelwood. Applying the less stringent standard applied to pro se pleadings, and
considering the facts set out in Conway's petition, we conclude that he has stated a claim based on
negligence against Hazelwood that has an arguable basis in law.
            Because we find that the trial court could not have concluded there was no arguable basis in
law to dismiss, we hold that the trial court abused its discretion in dismissing this case as frivolous. 
See Sawyer, 983 S.W.2d at 311.
 
 
 
 
            We reverse the dismissal and remand the case to the trial court for further proceedings
consistent with this opinion.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 16, 2004
Date Decided:             March 10, 2005