In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00118-CV
______________________________


KURBY DECKER, Appellant
 
V.
 
CHEQUITA CLEMENTS, ET AL., Appellees


                                              

On Appeal from the 102nd Judicial District Court
 Bowie County, Texas
Trial Court No. 04C0762-102


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            In response to a motion filed by defendants, Chequita Clements, John Rupert, Dennis Martin,
Nita Burgess, Zelda Glass, and Jordan Smith (Defendants)—all employees of the Texas Department
of Criminal Justice–Institutional Division (the Department)—the trial court dismissed with prejudice
a lawsuit


 filed against them by Kurby Decker, an inmate held by the Department.
            In their motion to dismiss, Defendants asserted Decker's lawsuit should be dismissed because
he failed to file a qualifying affidavit detailing his previous filings, to exhaust his administrative
remedies, to file the proper affidavit and the forms properly documenting his exhaustion of such
administrative remedies, to file his lawsuit on time, and to attach a certified copy of his trust fund
account statement. The trial court dismissed the lawsuit without specifying the ground or grounds
for the dismissal. On appeal, Decker essentially challenges each of the possible grounds for the
dismissal and also asserts the trial court denied him due process by not holding a hearing on the
motion to dismiss.
            We affirm the dismissal, but modify the trial court's order to make the dismissal without
prejudice. We reach that result because (1) the dismissal was proper, (2) a hearing on a motion to
dismiss is discretionary, and (3) the dismissal should have been without prejudice.
(1) The Dismissal Was Proper
            We review a dismissal of an in forma pauperis suit under an abuse of discretion standard.
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ); see Martinez v. Thaler,
931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Abuse of discretion exists
where a court acts without reference to applicable guiding rules and principles, acts arbitrarily, or
misinterprets or misapplies those guiding rules or the law. Vacca v. Farrington, 85 S.W.3d 438, 440
(Tex. App.—Texarkana 2002, no pet.); Letson v. Barnes, 979 S.W.2d 414, 417 (Tex.
App.—Amarillo 1998, pet. denied).
            Trial courts are given broad discretion to determine whether a case should be dismissed,
because prisoners have a strong incentive to litigate; the government bears the cost of an in forma
pauperis suit; sanctions are not effective; and the dismissal of unmeritorious claims accrues to the
benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d
812, 814–15 (Tex. App.—Tyler 1994, no writ). We will affirm such a dismissal if it is proper under
any legal theory. Birdo v. Debose, 819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ). In
considering the record before us, we review and evaluate pro se pleadings with liberality and
patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. Foster
v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).
            Defendants' motion to dismiss asserted that Decker failed to file the required sworn statement
of previous litigation and to file the required certified copy of his trust fund account. However, a
 review  of  the  clerk's  record  shows  a  list  of  previous  litigation


  with  the  same  file-stamp
date, May 27, 2004, as Decker's first petition alleging a 1983 violation, as well as a certified copy
of Decker's trust fund account. Therefore, neither of those two bases supports the dismissal of
Decker's lawsuit.
            But Defendants' motion to dismiss also alleges Decker failed to properly exhaust available
administrative remedies and to properly document and verify that process. Section 14.005 of the
Texas Civil Practice and Remedies Code requires that an inmate file both (1) an affidavit or unsworn
declaration stating the date the grievance was filed and the date the written decision described by
Section 501.008(d) of the Texas Government Code was received by the inmate, and (2) a copy of
the form denying the inmate relief. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1), (2) (Vernon
2002). Decker filed copies of several "Step 2" forms, which contain his complaints and then a ruling
or decision from prison officials. None of his pleadings, however, contain the verified statement
required by Section 14.005(a)(1).


 See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1).
          Section 14.005 is quite clear in its requirement of both an affidavit and copies of the
grievance form. In a similar situation, we held "it is incumbent on the inmate to provide the required
information before it comes to the trial court for review. This is especially true because Section
501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his
remedies through the grievance system." Smith v. Tex. Dep't of Criminal Justice–Institutional Div.,
33  S.W.3d  338,  341  (Tex.  App.—Texarkana  2000,  pet.  denied);  see  Tex.  Gov't  Code  Ann.
§ 501.008 (Vernon 2004).
            Because Decker failed to comply with the statutory requirement of Section 14.005, the trial
court did not abuse its discretion in dismissing the suit. We affirm the trial court's order of
dismissal.



 
(2)  A Hearing on a Motion To Dismiss Is Discretionary
            Decker also contends the trial court erred in dismissing his suit without holding a hearing.
The Texas Civil Practice and Remedies Code provides that, in determining whether to dismiss a
claim as frivolous under Section 14.003, the court may hold a hearing. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(c) (Vernon 2002). A trial court's decision on whether to dismiss an inmate's
suit based on failure to comply with statutory requirements is discretionary. Williams v. Brown, 33
S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
            Certainly, inmates have a constitutional right to access the courts for the purpose of
presenting their complaints. Cruz v. Beto, 405 U.S. 319 (1972). But pro se litigants are held to the
same standards as licensed attorneys and must comply with applicable laws and rules of procedure. 
Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex. App.—Amarillo 1997, no pet.). To curtail
frivolous or malicious lawsuits, restricting or regulating the ability of inmates to proceed in forma
pauperis does not implicate any constitutionally protected right per se. Hicks v. Brysch, 989 F.Supp.
797, 822 (Tex. 1997). Judgment on the pleadings or for failure to comply with procedural
requirements, without holding an evidentiary hearing, is proper and does not violate due process. 
See Willis v. Capots, 902 F.2d 1570 (6th Cir. 1990).
            For the reasons discussed above, we find no abuse of the trial court's discretion and overrule
this point.
 
(3) The Dismissal Should Have Been Without Prejudice
            As no hearing was held, the trial court could not have reached the merits of Decker's suit. 
When a claim is dismissed without a fact hearing, the trial court could not have determined that the
suit had no arguable basis in fact. In re Wilson, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996,
no writ); Harrison v. Tex. Dep't of Criminal Justice–Institutional Div., 915 S.W.2d 882, 887 (Tex.
App.—Houston [1st Dist.] 1995, no writ). Dismissal without prejudice is the proper remedy, rather
than dismissal with prejudice, where the inmate's suit failed to comply with a statutory requirement
of an attached affidavit; such a failure is capable of cure by amending the pleadings. Thomas v.
Skinner, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied) (inmate failed to
comply with Section 14.004 requirements of full statement of previous litigation).
            We modify the trial court's judgment to make it a dismissal without prejudice, and affirm it
as modified.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 24, 2005
Date Decided:             September 13, 2005

Do Not Publish