In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00279-CR
______________________________


STEPHANIE MCWHORTER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 12,541


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Stephanie McWhorter has filed a motion, signed by herself and counsel, in which she asks
this Court to dismiss her appeal. Pursuant to Tex. R. App. P. 42.2, the motion is granted.
            We dismiss the appeal.




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          February 7, 2006
Date Decided:             February 8, 2006

Do Not Publish



60;           



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross
Concurring Opinion by Justice Carter

MEMORANDUM OPINION

          Duford Mitchell, a prison inmate, appeals from the dismissal of his in forma pauperis
lawsuit. The trial court dismissed the suit as frivolous before service, stating that "based
on the pleadings the Plaintiff failed to prove the facts to support his claim." In his petition,
Mitchell alleged the defendants had confiscated, and thereafter converted or lost, a gold
ring and a watch, with an alleged combined value of over $500.00. He alleged that,
although the prison officials sent a ring and watch to his mother, the ring and watch she
received were not his and that, when she came to the unit to obtain the correct items, the
prison officials insisted the items she had received were the ones taken from Mitchell. 
Because this lawsuit was dismissed before service, we have nothing to review except
Mitchell's pleadings and the documents attached to his pleadings. 
          We review a dismissal of an in forma pauperis suit under an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ); see
Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). 
Abuse of discretion exists where a court acts without reference to applicable guiding
principles, acts arbitrarily, or misinterprets or misapplies those guiding rules or the law. 
Vacca v. Farrington, 85 S.W.3d 438, 440 (Tex. App.—Texarkana 2002, no pet.); Letson
v. Barnes, 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied). Trial courts are
given broad discretion to determine whether a case should be dismissed because
(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an
in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and meritorious
claimants. See Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994,
no writ). We will affirm such a dismissal if it was proper under any legal theory. Birdo v.
DeBose, 819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ). In considering the record
before us, we review and evaluate pleadings of inmates proceeding pro se in civil suits with
liberality and patience. Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana
2002, pet. denied); Brewer v. Collins, 857 S.W.2d 819, 821 (Tex. App.—Houston [1st Dist.]
1993, no writ).



          This type of suit is controlled by Chapter 14 of the Texas Civil Practice and
Remedies Code. Section 14.003(a)(2) provides that a court may dismiss before or after
service of process if the court finds the claim is frivolous or malicious. Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).
In determining whether a claim is frivolous or malicious, the court may
consider whether:
                                (1) the claim's realistic chance of ultimate success is slight;
                                (2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the
claim; or 
(4) the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts.

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).



Without a Hearing, a Fact-based Dismissal Was Improper
          The Texas Supreme Court discourages courts from dismissing suits based solely
on a determination that the inmate has a slight realistic chance of success. See Johnson
v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990);


 Mullins v. Estelle High Sec. Unit, 111
S.W.3d 268, 272 n.2 (Tex. App.—Texarkana 2003, no pet.).
          No hearing was conducted by the trial court. When the trial court dismisses a claim
without a hearing, we are to determine on appeal simply whether the claim had no
arguable basis in law, which we review de novo. Moreland v. Johnson, 95 S.W.3d 392,
394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Sawyer v. Tex. Dep't of Criminal
Justice, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). That is
because, when a claim is dismissed without a fact hearing, the trial court could not have
determined the suit had no arguable basis in fact. Conway v. Castro, No. 12-03-00373-CV, 2004 Tex. App. LEXIS 4479, at *3 (Tex. App.—Tyler May 12, 2004, no pet.);
Harrison v. Tex. Dep't of Criminal Justice–Institutional Div., 915 S.W.2d 882, 887 (Tex.
App.—Houston [1st Dist.] 1995, no writ); see Vacca, 85 S.W.3d at 441; In re Wilson, 932
S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ).
          Mitchell's petition alleges causes of action against the Department, Nita Burgess
(the property officer), and David Hudson (the warden) in both his or her official and
personal capacities. Mitchell complains of conversion. 
                     The Conversion Claim Against the Individuals Is Arguable
          Mitchell alleges the defendants permanently either negligently or intentionally
deprived him of personal property—his ring and watch—by confiscating them and then
refusing to produce and turn over the correct items. Conversion is defined as the wrongful
exercise of dominion and control over another's property in denial of or inconsistent with
his or her rights. Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 210 n.44 (Tex.
2002). Applying the liberal standard applied to pleadings filed pro se by inmates, and
considering the facts set out in Mitchell's petition, we conclude he has thus stated a claim
for conversion that has an arguable basis in law. 
          Because we find that the trial court could not have concluded there was no arguable
basis in law to dismiss, we hold that the trial court abused its discretion in dismissing the
entirety of this case as frivolous. See Sawyer, 983 S.W.2d at 311. 
          We reverse the dismissal and remand to the trial court for further proceedings
consistent with this opinion.
 
                                                                           Donald R. Ross
                                                                           Justice



CONCURRING OPINION

          I concur that, without a hearing, it was improper to dismiss this case as frivolous
since there was no factual basis for the finding. Only the pleadings were before the trial
court. I have previously suggested that a significant improvement in the administration of
the law would occur if each correctional institution in the state was equipped with video
conferencing capability connected with the trial courts in counties where those institutions
are located so that these hearings could be conducted by video conference. See In re
Marriage of Buster, 115 S.W.3d 141 (Tex. App.—Texarkana 2003, no pet.) (Carter, J.,
concurring). That process would avoid the difficult logistical and security problems inherent
in inmate lawsuits, provide inmates access to courts, and furnish the trial courts an efficient
system for developing a factual basis for a decision. I urge the Legislature to authorize and
fund this procedure.
 
                                                                           Jack Carter
                                                                           Justice

Date Submitted:      January 6, 2005
Date Decided:         March 3, 2005