

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00074-CV

_____

WILLIAM W. FREY, Appellant

V.

DONNIE FOSTER, SHERIFF OF FANNIN COUNTY, FANNIN COUNTY, DR. JAGDISH SHAH, COMMUNITY EDUCATION CENTERS INC., Appellees

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-12-40619

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

William W. Frey alleges that while he was incarcerated in the Fannin County jail, he suffered an injury. As a result, he filed suit against Donnie Foster, Sheriff of Fannin County, Fannin County, Community Education Centers, Inc., and Jagdish Shah, M.D. The trial court dismissed Frey's claims against all defendants, with prejudice. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## I.    Background

Frey, presently an inmate of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID), filed his original petition *in forma pauperis*. Frey attached to his petition a declaration of inability to pay costs. In his petition, Frey alleges that he slipped in the shower and fractured his ankle while housed in the Fannin County jail, prior to his transfer to the TDCJ-CID. The petition also contains allegations regarding the general conditions of the jail facility and the medical treatment Frey received while in jail. Frey seeks monetary damages for negligence, gross negligence, medical negligence, pain, suffering, and permanent disability. Foster, Fannin County, and Community Education Centers filed a motion to dismiss, alleging Frey failed to exhaust his administrative remedies prior to filing suit. More particularly, these appellees claimed that because Frey did not file an affidavit or unsworn declaration stating the date his grievance was filed and the date he received a written decision, his lawsuit should be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002); TEX. GOV'T CODE ANN. § 501.008 (West 2012). Shah filed a separate document joining the motion to dismiss. In

2

addition, Shah filed a Chapter 74 motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011).

At the hearing on the appellees' motions to dismiss, counsel for Foster, Fannin County, and Community Education Centers maintained that Frey's case should be dismissed because an affidavit or unsworn statement that Frey exhausted his administrative remedies was not filed. Shah adopted the same argument. Frey responded that he filed grievances and provided counsel with at least one such grievance. Frey further explained that he was unable to fully utilize the grievance process due to his transfer from Fannin County to the TDCJ-CID. Frey indicated that even though he sent certified letters to Fannin County requesting a response to his grievance, he never received a response. The trial court dismissed Frey's lawsuit because Frey failed to file with the court an affidavit or unsworn declaration stating the date the grievance was filed and the date Frey received the written decision or response to the grievance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). Frey's medical negligence claim against Shah was likewise dismissed pursuant to Section 14.005(a).[1]

## II. Chapter 14 Dismissal Was Improper

A trial court's dismissal of an inmate's claim under Chapter 14 is reviewed for an abuse of discretion. *Clark v. Unit*, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Abuse of discretion exists where a court acts without reference to applicable guiding principles, acts arbitrarily, or misinterprets or misapplies those guiding rules or the law. *Vacca v. Farrington*, 85 S.W.3d 438, 440 (Tex. App.—Texarkana 2002, no pet.).

---

[1]Shah did not request a hearing on his Chapter 74 motion to dismiss, and the trial court did not rule on that motion.

In his first and third (multifarious) points of error, Frey claims the trial court improperly dismissed his claims pursuant to Section 14.005 of the Texas Civil Practice and Remedies Code because this section only applies to the TDCJ and its employees. He maintains that because appellees are not the TDCJ or employees of the TDCJ, dismissal under Section 14.005 was error. Frey further maintains that his claims arose while he was in the custody of the Fannin County jail, and he was, therefore, unable to utilize TDCJ grievance procedures.

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by an inmate who declares himself unable to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012); *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). Section 14.005, however, applies to suits arising out of a claim "subject to the grievance system established under Section 501.008 [of the] Government Code." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). Section 501.008 of the Texas Government Code directs the TDCJ to create a grievance system for inmates. According to Section 501.008,

> A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department, other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to the department or to a facility operated under contract with the department.

TEX. GOV'T CODE ANN. § 501.008(a). The statute further reads:

> An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until:

(1)     the inmate receives a written decision issued by the highest authority provided for in the grievance system; or

(2)     if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed.

TEX. GOV'T CODE ANN. § 501.008(d).

Frey sued Foster, Sheriff of Fannin County, Fannin County, Community Education Centers, Inc., and Jagdish Shah, M.D. There is no evidence in the record that any of these defendants are employees of the TDCJ. *See* TEX. GOV'T CODE ANN. § 501.008(a); *Brown v. Lubbock Cnty. Comm. Court*, 185 S.W.3d 499, 503–04 (Tex. App.—Amarillo 2005, no pet.). Further, the evidence is undisputed that Frey's claims arose as a result of a fall he sustained in the Fannin County jail. There is no evidence in the record that the Fannin County jail is operated by the TDCJ or is under contract with the TDCJ. Accordingly, there is no evidence that Frey's claims arose while he was housed in a facility operated by the TDCJ or under contract with the TDCJ, as required by Section 501.008 of the Government Code. *See* TEX. GOV'T CODE ANN. § 501.008(a). Because there is no evidence that the claims asserted by Frey are against the TDCJ or its employees or that such claims arose during his confinement in the TDJC, they are not, by definition, subject to the grievance system established under Section 501.008 of the Government Code.

Section 14.005 applies to suits arising out of a claim "subject to the grievance system established under Section 501.008 [of the] Government Code." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). Because the claims here are not subject to the grievance system established under Section 501.008 of the Texas Government Code, such claims are likewise not subject to

5

the requirements of Section 14.005 of the Texas Civil Practice and Remedies Code. *Brown*, 185 S.W.3d at 503–04 (claims which did not arise during inmate's confinement in a TDCJ facility and which were not against TDCJ or its employees not subject to grievance system under Section 501.008; Section 14.005, thus, does not apply and does not support dismissal of suit); *see also Hills v. Bell Cnty. Law Enforcement Ctr.*, Nos. 03-11-00482-CV, 03-11-00487-CV, 2012 WL 896158, at *2 (Tex. App.—Austin Mar. 15, 2012, pet. denied) (mem. op.) (Section 501.008 applies solely to resolution of grievances by inmates housed in facilities operated by TDCJ or under contract with TDCJ-CID); *Milton v. Quarterman*, No. 02-10-00212-CV, 2011 WL 754352, at *2 (Tex. App.—Fort Worth Mar. 3, 2011, pet. dism'd w.o.j.) (mem. op.) (Section 14.005 does not apply to claims not grievable under procedures set forth in Texas Government Code).

Frey's lawsuit was dismissed pursuant to Section 14.005; no additional basis for dismissal was urged by any defendant. Because Section 14.005 does not support the dismissal of Frey's lawsuit, such dismissal was improper.[2]

---

[2]Frey also complains on appeal that the trial court abused its discretion in failing to schedule a hearing on his motion for declaratory judgment and summary judgment. Because we conclude that the trial court abused its discretion in dismissing Frey's lawsuit, we need not address this point of error.

**III.     Conclusion**

We reverse the judgment of the trial court and remand for further proceedings consistent

with this opinion.


                                        Jack Carter
                                        Justice

Date Submitted:     December 5, 2012
Date Decided:       December 21, 2012