**Burnice Joe BIRDO, Appellant,**

v.

**Hubert E. DEBOSE, Jr., et al, Appellees.**

**No. 10–91–052–CV.**

Court of Appeals of Texas, Waco.

Oct. 30, 1991.

Rehearing Denied Nov. 27, 1991.

Burnice Birdo, pro se.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal we determine the propriety of a dismissal, under section 13.001 of the Civil Practice and Remedies Code, of a suit filed *in forma pauperis.* *See* TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

### PROCEDURAL HISTORY

Burnice Birdo, a prison inmate, brought a pro se action *in forma pauperis* against prison guards Hubert DeBose and Thomas Carl and against Mary Furry and Jerry Bradley, emergency medical technicians working for the prison. Before the defendants were served with process, the court dismissed the cause as being frivolous. *See id.* Birdo complains that the court abused its discretion when it dismissed the cause before service of process and that the dismissal resulted in a violation of his

constitutional rights. Because the court erroneously dismissed Birdo's assault and battery and section 1983 claims, the judgment of dismissal will be reversed. *See* 42 U.S.C.A. § 1983 (West 1981).

## THE STATUTE

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

    (1) the allegation of poverty in the affidavit is false; or

    (2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

    (1) the action's realistic chance of ultimate success is slight;

    (2) the claim has no arguable basis in law or in fact; or

    (3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

## THE ALLEGATIONS OF BIRDO'S PETITION

Birdo's petition alleged three separate causes of action. The first was an action against DeBose and Carl asserting that they intentionally, wilfully, knowingly and maliciously committed an assault and battery against him. The second was a section 1983 action against DeBose and Carl asserting that in their "individual capacities" they violated his rights under the 1st and 14th amendments to the United States Constitution. *See* U.S. CONST. amends. I, XIV; 42 U.S.C.A. § 1983 (West 1981). The third was an action brought under section 104.001 of the Texas Civil Practice and Remedies Code asserting negligent acts and omissions committed by DeBose, Carl, Furry, and Bradley. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 104.001 (Vernon Supp. 1991). He asked for $150,000 as actual damages and $200,000 punitive damages on each claim arising out of the assault and $200,000 actual damages for failure to render medical treatment.

The court specified that Birdo's petition was dismissed because "the action's realistic chance of ultimate success is slight" and because "it is clear that the party cannot prove a set of facts in support of the claim." *See id.* at § 13.001(b)(1), (3). Point two asserts that the court abused its discretion when it dismissed the cause.

## STANDARD OF REVIEW

■ We review a dismissal under section 13.001 by determining whether the court abused its discretion. *See id.* at § 13.001; *Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Stated another way: Was the act of the court arbitrary or unreasonable? *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex.1970). That an appellate court might have decided a matter within the trial judge's discretion in a different manner does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

## REVIEW OF THIS DISMISSAL

A dismissal under section 13.001(b)(3) is no longer appropriate. *See Neitzke v. Williams,* 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh,* 800 S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1990, writ granted).

THIRD CAUSE OF ACTION

■ We overrule Birdo's second point insofar as his third cause of action is concerned. He alleged in this action that De-

Bose and Carl "negligently" beat and kicked him and that Furry and Bradley "negligently" failed to provide medical treatment. Although his petition cites section 104.001 of the Texas Civil Practice and Remedies Code, which provides for state liability for certain acts of public servants, Birdo brought suit against the employees as individuals and did not name the state or any state agency as a defendant. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 104.001 (Vernon Supp.1991). Therefore, the court properly dismissed this claim because the action's realistic chance of ultimate success was slight. *See id.* at § 13.001(b)(1).

Recognizing that the test applicable under the federal statute is the one enumerated in our statute as section 13.001(b)(2) ("a complaint ... is frivolous where it lacks an arguable basis in law or in fact") and that our duty is to affirm the dismissal if it was proper under any legal theory, we will review the dismissal of this negligence action against DeBose, Carl, Furry, and Bradley to see if Birdo's claims had an arguable basis in law and in fact. *See id.* at § 13.-001(b)(2); *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833; *Ross v. Walsh,* 629 S.W.2d 823, 826 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes federal courts to dismiss *in forma pauperis* suits "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See* 28 U.S.C.A. § 1915(d) (West 1966). Although the federal statute does not contain guidelines for determining when a suit is frivolous, a dismissal is proper if the claim has no arguable basis in law and fact. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *Pugh,* 875 F.2d at 438. The "rationale behind granting this power to trial courts is to 'prevent abusive or captious litigation' where the *in forma pauperis* litigant 'lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Neitzke,* 490 U.S. at

324, 109 S.Ct. at 1831; *Thompson v. Ereckson,* 814 S.W.2d 805, 807 (Tex.App.—Waco 1991, n.w.h.). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833. An example of an indisputably meritless legal theory occurs where the petition asserts claims against which the defendants are immune from suit. *Id.* An example of factually baseless contentions occurs where the petition describes claims arising out of fantastic or delusional scenarios. *Id.*

Thus, the court could have concluded that Birdo's third cause of action was based on an indisputably meritless legal theory because he did not make the state a defendant. *See id.;* TEX.CIV.PRAC. & REM. CODE ANN. §§ 13.001(b)(2), 104.001 (Vernon Supp.1991).

### FIRST AND SECOND CAUSES OF ACTION

■ As to Birdo's first two causes of action, we hold that the dismissal was improper. Birdo's first claim was that DeBose, "acting alone and in concert [with Carl] without any provocation or justification, roughly and tightly grabbed [him] by the neck" while he was handcuffed. He further alleged that he was "slammed" to the floor and hit and kicked by the men. He stated that he suffered physical injuries as well as mental anguish. The petition clearly alleged that the guards were not acting in good faith nor within the scope of their authority. Therefore, they enjoyed no immunity from personal liability. *See Johnson,* 799 S.W.2d at 347. This action against Carl and DeBose was based on valid legal theories—the common-law torts of assault and battery.

■ Birdo's second claim was also based on a valid legal theory. Section 1983 of Title 42 of the United States Code imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... sub-

jects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C.A. § 1983 (West 1981). Birdo complained in this action that DeBose and Carl violated his constitutional rights of "freedom of speech" and "petition for redress" under the 1st and 14th amendments by intentionally and maliciously, and without provocation, assaulting him in retaliation for letters Birdo had written to the Federal Bureau of Investigation and to certain female prison employees. The petition stated that the letters sent to the F.B.I. informed it that DeBose had told Birdo that certain white officers were plotting to "get [him] real good or kill [him]." Birdo alleged that, as DeBose and Carl were "repeatedly" kicking and beating him, they were saying, "No more letters, no more letters." These allegations were sufficient to raise possible 1st and 14th amendment violations. *See, e.g., Andrade v. Hauck,* 452 F.2d 1071, 1072 (5th Cir.1971) (holding that, under the 14th amendment, "no person subject to the power of government can be denied communication with or access to each of the three spheres of governmental authority"); *Woods v. Aldworth,* 561 F.Supp. 891, 892 (N.D.Ill.1983) (recognizing that prisoners have a right under the 1st and 14th amendments to receive communication free from arbitrary or unjustified governmental interference). Although he did not specifically cite the particular constitutional violation, Birdo's petition also raises a section 1983 claim for violations of his rights under the 8th amendment. *See* U.S. CONST. amend. VIII. The 8th amendment prohibits the infliction of cruel and unusual punishment. *See id.* Because prison inmates' complaints are to be construed liberally, we hold that Birdo's allegations of assault in his section 1983 claim were sufficient to allege a violation of his rights under the 8th amendment. *See id.; Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981); *Morgan v. LaVallee,* 526 F.2d 221, 224 (2nd Cir.1975); *see also Blake v. Katter,* 693 F.2d 677, 682 (7th Cir.1982) (holding that a pro se section 1983 complaint was not subject to dismissal even though plaintiff's claim should have been brought under the 14th amendment instead of the 8th amendment).

We are not saying that we believe Birdo will prevail on any or all of his claims or that he could even win a summary judgment hearing. However, as the court stated in *Green v. McKaskle:*

> It is, of course, not always easy to determine whether a claim is frivolous simply by examining the pleadings. Prisoner complaints are notoriously difficult to decipher, and pro se pleadings must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Unless the frivolousness of a claim is facially apparent, it is 'incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same.'

*Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986). The United States Supreme Court has held that even a petition which fails to state a claim, which would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), is not necessarily frivolous. *See Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1833–34; FED.R.CIV.P. 12(b)(6).

We do not see how the court could determine, based upon the allegations in Birdo's first two causes of actions, that his realistic chance of ultimate success was slight. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001(b)(1) (Vernon's Supp.1991). And, applying the standard set out in *Neitzke,* we do not believe that Birdo's claims were based on an "indisputably meritless legal theory" or that his factual allegations were "clearly baseless." *See Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833.

SUMMARY

We hold that the court's dismissal of Birdo's suit was unreasonable and sustain point two as to Birdo's claims against DeBose and Carl for assault and battery and for violations of section 1983. *See Smithson,* 665 S.W.2d at 443; *Landry,* 458 S.W.2d at 651; 42 U.S.C.A. § 1983 (West 1981).

## CONSTITUTIONAL CHALLENGES

Point one asserts that the dismissal under (b)(1) and (3) of section 13.001 violated Birdo's constitutional rights under the 1st and 14th amendments to the United States Constitution. *See* U.S. CONST. amends. I, XIV. Birdo made a constitutional challenge in the trial court by filing a "Motion to Vacate Final Order of Dismissal and Motion for Hearing" after his suit was dismissed.

We do not reach this point because Birdo's section 104.001 claim—the state liability claim—would have been properly dismissed under section 13.001(b)(2) even if (b)(1) and (b)(3) are unconstitutional. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 13.-001(b)(2), 104.001 (Vernon Supp.1991). And further, we do not reach point one because the dismissal of Birdo's first two causes of action was improper irrespective of the constitutionality of (b)(1) and (b)(3). *See id.* at § 13.001(b)(1), (3).

## CONCLUSION

The cause is reversed and remanded for further proceedings in accordance with this opinion.