NO. 07-07-0195-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 13, 2007


______________________________



IN RE GREGORY BANISTER


_________________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 By an amended petition, (1) relator Gregory Banister requests issuance of mandamus
directing the District Clerk of Lamb County to provide him, apparently without cost, a copy
of "the entire file, transcripts, plea agreements, and other pertinent data for the subject
cause #3900" for his use in preparation of a petition for a writ of certiorari to be filed in the
United States Supreme Court. We dismiss the mandamus petition for want of jurisdiction.

 This court has authority to issue writs of mandamus against district and county court
judges within our court of appeals district. Tex. Gov't Code Ann. § 22.221(b) (Vernon
2004). Otherwise, our authority to issue such a writ exists only to the extent necessary to
enforce our jurisdiction. Id. at § 22.221(a). 

 The trial court cause to which relator refers in his petition, no. 3900 in the 154th
District Court of Lamb County, is the cause in which relator was convicted of aggravated
assault and sentenced to punishment including thirty years confinement. This court
affirmed the trial court's judgment on appeal, in our cause number 07-04-0479-CR, by an
opinion and judgment issued September 29, 2006. We denied his motion for rehearing on
November 6, 2006. The Court of Criminal Appeals refused relator's petition for
discretionary review. 

 Relator's mandamus petition does not claim, nor does it appear, that his petition
seeks relief designed to enforce this court's jurisdiction. In circumstances similar to those
presented here, this court generally has construed its writ authority under section 22.221(a)
to apply only when the relief sought implicates a pending appeal. See, e.g., In re Jackson,
No. 07-03-0372-CV, 2003 WL 22047701 (Tex.App.-Amarillo September 2, 2003, orig.
proceeding). We conclude the relief relator seeks here against the district clerk lies outside
our writ authority. Accordingly, relator's petition seeking a writ of mandamus is dismissed
for want of jurisdiction. (2) 

 James T. Campbell

 Justice


1. Relator's amended petition, filed June 8, 2007, seeks the same relief as his
original petition for mandamus, filed May 9, 2007. 
2. We note also that, in response to our notice that he failed to accompany his
petition with the required filing fee, relator submitted a completed "application to proceed
in forma pauperis" printed for use by litigants in federal court. The information contained
in the application does not meet the requirements of Rule 20 of the Texas Rules of
Appellate Procedure. 


0.104167in">MEMORANDUM OPINION
          Appellant, Michael Scott, appeals from an order dismissing his pro se, in forma
pauperis suit under Chapter 14 of the Texas Civil Practice and Remedies Code. We
affirm.
          Scott is an inmate at the Tennessee Colony Unit of the Texas Department of
Criminal Justice, Institutional Division (hereinafter, “TDCJ-ID”). On July 18, 2004, Scott
filed a civil suit in Wichita County, Texas, against Captain Richard Phillips, April Vasquez,
and Lawrence Pattison alleging that they had ordered an unnamed correctional officer to
use a chemical agent against another inmate in an adjoining cell for the purpose of causing
injury to Scott. Appellees answered the petition claiming the affirmative defense of a
correctional officer’s privilege to use force under section 9.53 of the Texas Penal Code. 
See Tex. Penal Code Ann. § 9.53 (Vernon 2005). On January 7, 2005, Scott filed an
amended petition adding Warden William Walker and Assistant Warden Joe Nunn as
defendants and adding an allegation that the actions of appellees in ordering the
correctional officer to use a chemical agent against the adjoining inmate was done with
malice toward Scott. Because the events giving rise to the lawsuit occurred at the Bill
Clements Unit of the TDCJ-ID located in Potter County, Texas, the case was transferred
to Potter County on September 20, 2005. Appellees filed a motion to dismiss the suit as
frivolous on April 12, 2007. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon
2002).


 Scott did not file any responsive pleadings to the motion to dismiss and, on May
1, 2007, the trial court granted the motion without conducting any hearing.


 Scott
subsequently filed a motion for new trial that was overruled by operation of law. See Tex.
R. Civ. P. 329b(e). This appeal followed.
          Scott appeals, by one issue, contending that the trial court abused its discretion in
finding Scott’s petition was frivolous. We affirm.
Standard of Review
          Inmate litigation, except for suits brought under the Family Code, in which the
inmate files an affidavit or unsworn declaration of inability to pay costs is governed by
special procedural rules set forth in Chapter 14. The trial court has broad discretion to
dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. § 14.003(a)(2). 
When determining whether a claim is frivolous or malicious, the court may consider that
the claim has no arguable basis in law or in fact. See § 14.003(b)(2). When reviewing a
trial court’s dismissal of an inmate’s claim we apply the abuse of discretion standard. See
Bohannan v. Tex. Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex.App.–Austin 1997,
writ denied). A trial court abuses its discretion when it acts without reference to any guiding
rules and principles or when the act is arbitrary and unreasonable. Id. If the trial court
dismisses a claim without a hearing, as in the situation before us, the question becomes
whether the claim has no arguable basis in the law. See Moreland v. Johnson, 95 S.W.3d
392, 394 (Tex.App.–Houston [1st Dist.] 2002, no pet.). Thus, we review de novo the
question of whether the trial court properly concluded that Scott had no arguable basis in
law for maintaining his suit. Id.
Discussion
          Scott’s lawsuit alleges that the appellees ordering of an unnamed correctional officer
to use a chemical agent on an adjoining inmate was done with a malicious intent to harm
Scott. As such, Scott is attempting to allege the common law cause of action for assault
and battery. See Birdo v. Debose, 819 S.W.2d 212 (Tex.App.–Waco 1991, no writ).
Additionally, a close reading of Scott’s petition appears to allege that the actions of the
correctional officials amounted to a violation of his civil rights under the Texas Constitution.
          The first inquiry we will make is whether there is any cognizable cause of action
under the Texas Constitution for a violation of Scott’s civil rights. Scott has not provided
this Court with any authority nor any argument supporting his claim for relief. Appellees,
however, have correctly pointed out that there is no recognized claim for violation of civil
rights under the Texas Constitution. See City of Beaumont v. Bouillion, 896 S.W.2d 143,
150 (Tex. 1996). Therefore, to the extent that Scott is attempting to allege a private cause
of action for violation of his rights under the Texas Constitution, we affirm the trial court’s
determination that the claim has no arguable basis in the law. 
          Our next inquiry is directed to Scott’s allegations, contained in his amended petition,
that an unnamed officer was ordered to use a chemical spray against another inmate with
a malicious intent to harm Scott. To determine whether a trial court has properly decided
that there was no arguable basis in law for an inmate’s claims, we examine the types of
relief and causes of action pleaded in the inmate’s petition to determine whether, as a
matter of law, the petition states a cause of action that would authorize relief. See
Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex.App.–Texarkana 2002, no pet.). To
have no arguable basis in law, a claim must be based on an indisputably meritless legal
theory or the facts alleged must rise to the level of irrational or wholly incredible. Gill v.
Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex.App.–Texarkana 2001, pet. denied.). Stated
another way, the pleaded facts must not comprise a cause of action. Id. at 604. In the
present case, Scott did not plead any facts to support his alleged cause of action. Scott’s
bare allegation that the appellees maliciously ordered a correctional officer to assault him,
without any allegation of facts that would allow the trial court to ascertain the basis for
Scott’s cause of action, is insufficient to state a cause of action that would authorize relief. 
Accordingly, we cannot say that the trial court’s decision to dismiss Scott’s petition as
frivolous was an abuse of discretion, therefore, we overrule Scott’s issue. 
                                                             Conclusion
          Having overruled Scott’s contentions, the judgment of the trial court is affirmed.
 
Mackey K. Hancock

Justice