

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00212-CV

WILLIE A. MILTON                                                    APPELLANT

V.

NATHANIEL QUARTERMAN,                                              APPELLEES
DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE-
CORRECTIONAL INSTITUTIONAL
DIVISION; JENNIFER SMITH,
CHAIRPERSON DRC AUGUST
11TH, 2009; AND KARRI
HANSFORD, ALLRED MAIL ROOM
SUPERVISOR

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In four points,[2] Appellant Willie A. Milton, appearing pro se and *in forma pauperis*, appeals the trial court's order dismissing his claims against Appellees

---

[1]*See* Tex. R. App. P. 47.4.

Nathaniel Quarterman, Jennifer Smith, and Karri Hansford under chapter 14 of the civil practice and remedies code. We will affirm the trial court's judgment.

**Background Facts**

Mr. Milton is an inmate of the Texas Department of Criminal Justice (TDCJ). On October 28, 2009, the prison mail room received a package addressed to Mr. Milton containing publications from a "Left wing insurrectionary anarchist organization." TDCJ denied Mr. Milton the receipt of one publication, entitled *Fire to the Prisons*, *An Insurrectionary Anarchist Quarterly, Issue No. 6*. Three other publications in the package, entitled *Unfinished Acts, The January Rebellions*; *Modesto Anarcho, The Valley's Insurrectionary Journal of Class Struggle*; and *Fire to the Prisons*, *Issue No. 5* were not delivered until November 17, 2009. The form denial notice that Mr. Milton received regarding *Fire to the Prisons, Issue No. 6* indicated that the publication was denied because two pages contained "material that a reasonable person would construe as written solely for the purpose of communicating information designed to achieve the breakdown of prisons through offender disruption such as strikes or riots." Mr. Milton did not receive any information as to why the three publications were delayed.

---

[2]Mr. Milton's brief presents five points of error, but he explicitly "abandons" point five in his brief. Because he has abandoned point five on appeal, we will not address it.

Mr. Milton appealed the denial of *Fire to the Prisons, Issue No. 6* to the Director's Review Committee (DRC), which upheld the denial. He then filed suit in the district court seeking review of an administrative agency ruling, declaratory judgment, injunctive relief, and claiming a violation of his civil rights. The Appellees filed a motion to dismiss arguing, among other things, that Mr. Milton's claims were frivolous; that Mr. Milton did not overcome the Appellees' qualified immunity; and that he did not comply with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code §§ 14.003, .005 (Vernon 2002). The trial court granted the TDCJ's motion, and Mr. Milton filed this appeal.

**Standard of Review**

We review a dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ); *see Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Abuse of discretion exists where a court acts without reference to applicable guiding principles, acts arbitrarily, or misinterprets or misapplies those guiding rules or the law. *Vacca v. Farrington,* 85 S.W.3d 438, 440 (Tex. App.—Texarkana 2002, no pet.); *Letson v. Barnes,* 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied). Trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the

3

dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson,* 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ). We will affirm such a dismissal if it was proper under any legal theory. *Birdo v. Debose*, 819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ). In considering the record before us, we review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams,* 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).

**Discussion**

A court may dismiss a claim under chapter 14 if the court finds that the claim is "frivolous or malicious," Tex. Civ. Prac. & Rem. Code Ann. § 14.003, or if the inmate has failed to exhaust his administrative remedies, *Id*. § 14.005. In determining whether a claim is frivolous or malicious, the court may consider whether

(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id*. § 14.003(b).

When the trial court dismisses a claim without a hearing, we are to determine on appeal simply whether the claim had no arguable basis in law, which we review de novo. *Moreland v. Johnson,* 95 S.W.3d 392, 394 (Tex.

4

App.—Houston [1st Dist.] 2002, no pet.); *Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). That is because when a claim is dismissed without a fact hearing, the trial court could not have determined that the suit had no arguable basis in fact. *Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.,* 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see Vacca*, 85 S.W.3d at 441; *In re Wilson,* 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ). We review Mr. Milton's claims accordingly.

## A. Exhaustion of Administrative Remedies

Under section 14.005, an inmate who is suing on "a claim that is subject to the [TDCJ] grievance system" must, as a prerequisite to suit, file a claim with the grievance system and receive a written decision. Tex. Civ. Prac. & Rem. Code Ann § 14.005. As the plain language of the statute provides, section 14.005 does not apply to claims that are not grievable. According to the *Offender Orientation Handbook*, grievable issues include "[t]he interpretation or application of TDCJ policies, rules, regulations, and procedures" and "[t]he actions of an employee." Tex. Dep't of Criminal Justice, *Offender Orientation Handbook* 53 (Nov. 2004), available at http://www.tdcj.state.tx.us/publications/cid/Offend OrientHbkNov04.pdf. Non-grievable issues include "[m]atters for which other appeal mechanisms exist." *Id*. In his third point, Mr. Milton claims that the trial court abused its discretion by dismissing his causes of action for his failure to exhaust his administrative remedies. We agree with Mr. Milton that he has

5

exhausted his administrative remedies in regard to the denial of *Fire to the Prisons, Issue No. 6*; however, we do not agree that he has exhausted the administrative remedies in regard to the delayed delivery of the other publications.

TDCJ Board Policy 3.91 sets out the appeal process for the rejection of publications. *See* Tex. Dep't of Criminal Justice, Board Policy 3.91, Uniform Offender Correspondence Rules 13 (Feb. 2010), available at http://www.tdcj.state.tx.us/policy/BP0391r2_fnl.pdf. To appeal, an inmate must make a written notice of appeal to the DRC within two weeks of the notification of rejection. *Id*. The DRC must then render a decision within two weeks of receiving the appeal. *Id*. Mr. Milton appealed the denial of *Fire to the Prisons, Issue No. 6* through the proper channel and filed the final written decision of the DRC with his petition. Because there was an alternative appeal mechanism for denials of publications, Mr. Milton was not required (and not able) to file a complaint through the grievance system. Mr. Milton thus exhausted his administrative remedies regarding the denial of *Fire to the Prisons, Issue No. 6*.

However, the Board Policy regarding correspondence does not provide an appeals process for mail delays. *See* Board Policy 3.91. As Mr. Milton notes, the delayed publications were not listed on the publication denial form he received, and he did not complain of their delay to the DRC. Because there was no appeals system set up for mail delays, the administrative remedy for such issues is the grievance system. *See Offender Orientation Handbook* 53. Under

6

chapter 14, Mr. Milton was required to file a grievance regarding the mail delays and receive a written response. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005. Mr. Milton did not file a grievance and therefore did not exhaust his administrative remedies in regards to the delay of the three publications. The trial court properly dismissed his claims regarding the delayed publications. We therefore overrule Mr. Milton's third point to the extent he complains of the delayed publications. As to the denied publication, we continue our analysis below.

### B. Frivolous or Malicious Claims under Chapter 14

#### 1. Free Speech Claims

In his first point, Mr. Milton complains that the trial court abused its discretion by dismissing his claims as frivolous or malicious under chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003. Mr. Milton first argues that the denial of an issue of the periodical *Fire to the Prisons* violates his first amendment rights. *See* U.S. Const. amend. I. "[I]n determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest." *Brewer v. Wilkinson*, 3 F.3d. 816, 824 (5th Cir.1993). The denial of the *Fire to the Prisons* issue, which was determined by TDCJ to contain "material that a reasonable person would construe as written solely for the purpose of communicating information designed to achieve the breakdown of prisons through offender

7

disruption such as strikes or riots," was reasonably related to the legitimate interest of preventing strikes and riots in the prison. *See Chriceol v. Phillips*, 169 F.3d 313, 316 (5th Cir. 1999) (holding that prison mail policies which restrict access to potentially violence-producing materials is constitutionally valid). Thus, Mr. Milton has failed to set forth a cognizable First Amendment claim.

### 2. Equal Protection

Mr. Milton next claims that the denial of *Fire to the Prisons* violates the equal protection clause of the Constitution because the denial "wou[l]d not be employed upon and against a White inmate who has exercised his right to seek out judicial review in a previous incident of mail denial." *See* U.S. Const. amend. XIV. To assert an equal protection claim, Appellant must establish two elements: 1) that he was treated differently than other similarly situated parties, and 2) that he was treated differently without a reasonable basis. *Sanders v. Palunsky,* 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Reviewing Mr. Milton's brief as liberally as possible,[3] Mr. Milton has done nothing more than to state that the appellee's violation of TDCJ policy "inherently

---

[3]Mr. Milton complains in his fourth point that the court erred in not liberally construing his pleadings. We first note that "[a] *pro se* inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to formal pleadings drafted by attorneys." *Minix v. Gonzales,* 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, we also recognize that pro se litigants must abide by the same standards as licensed attorneys and comply with applicable laws and rules of procedure. *See Amir-Sharif v. Mason,* 243 S.W.3d 854, 856–58 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978)). Even with a liberal review of the pleadings, the trial court acted properly and

violates" the Fourteenth Amendment. He has provided no argument, no analysis, and no law. Nor did his petition set out any facts or argument regarding equal protection. His response to the appellee's motion to dismiss was likewise devoid of argument, analysis, and law. Mr. Milton's own pleadings and documents show that the publication was denied because it contained "information designed to achieve the breakdown of prisons through offender disruption"—a legitimate reason for denial. Mr. Milton has failed to allege any facts that, if true, would support his contention that the publication was not denied for a legitimate reason, but instead was denied because of his race. The trial court was within its discretion to find that Mr. Milton's equal protection claim had no realistic chance of success. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b).

### 3. Procedural Due Process

Mr. Milton alleges that the Appellees' failure to note the three "held" publications on the denial notification he received denied him the due process by which to complain of their delay. As we noted above, Mr. Milton was afforded a process by which to complain—the TDCJ grievance system. Mr. Milton did not file a grievance and did not obtain a final administrative decision on the delayed publications. He cannot now complain of a due process violation as we have affirmed the trial court's dismissal of these claims. *See* Tex. Civ. Prac. & Rem.

within its discretion to dismiss the case for failure to meet the requirements of chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003.

9

Code Ann. § 14.005. Mr. Milton's claims relating to the denied publication had no arguable basis in law, and he failed to state any constitutional claim.

We hold that the court did not abuse its discretion by dismissing Mr. Milton's claims as frivolous or malicious under chapter 14, and we overrule his first and fourth points. Because we hold that dismissal as to all claims was proper under at least one theory, we do not reach Mr. Milton's second point.[4] *See* Tex. R. App. P. 47.1.

## Conclusion

Having affirmed the dismissal of Mr. Milton's claims on at least one theory, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED: March 3, 2011

---

[4]We do note, however, that Mr. Milton's second point complains that the trial court erred by dismissing his claims for his failure to provide a certified copy of his inmate trust fund account statement, as required by chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c), .006(f). The State conceded in its brief that Mr. Milton did in fact attach the requisite copy of the account statement.