Opinion issued April 28,
2011.                                                                                                                                                                                                                                              



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00505-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Timothy Paul Martin, Appellant

 

 



On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 2004-51912

 

 



CONCURRING
opinion

Although I concur in the judgment,
I am writing separately to further expound upon an issue that is only briefly
addressed by the majority—the filing date of Martin’s petition.  

Because he is an incarcerated pro
se litigant, Martin would ordinarily be entitled to have his petition deemed
filed for purposes of Chapter 14 of the Texas Civil Practice and Remedies Code
at the time he placed the document in a properly addressed and stamped envelope
or wrapper and gave it to prison authorities for mailing.  See
Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004).  

Unfortunately for Martin, the
record in this case contains no indication of when prison authorities received
his petition, and Martin made no argument to the trial court or this Court as
to the timeliness of its filing.[1]  There is no declaration in any of Martin’s
pleadings reciting this critical date,[2]
and the record contains neither certificates of service nor other indicia of
mailing which would allow us to determine when he first placed his petition in
the prison mail system.  See generally Jon v. Griffin, No.
03-08-00552-CV, 2009 WL
1256431, at *2 (Tex. App.—Austin May 8, 2009, no pet.) (mem.
op.) (trial court abused its discretion when it
dismissed inmate’s petition as untimely under Chapter 14 because date and
method of service ascribed to it in certificate of service attached to original
petition sufficient to demonstrate date inmate placed petition in prison mail
system). 

The sole indication of filing
contained in the record is the April 2, 2009 file-stamp date affixed to
Martin’s petition and accompanying documentation by the Brazoria County Clerk’s
office.  Although the record contains
documents which suggest that Martin
filed his petition before April 2, 2009, these documents are insufficient to
establish a filing date for purposes of Chapter 14.[3]  See
generally Boone v. Different, No.
12-08-00468-CV, 2010 WL 337338, at *2 (Tex. App.—Tyler Jan. 29, 2010, no pet.)
(mem. op.) (trial court did not abuse its discretion when it dismissed
inmate’s petition as untimely under Chapter 14 because record contained no
evidence that inmate’s claim was timely received by proper prison authorities; declining
to hold that “date set forth beneath Appellant’s signature on his original petition
is evidence of when the petition was received by the prison mail system”); Brooks
v. TDCJ-ID, No.
13-04-00320-CV, 2005 WL 1797071, at *2
(Tex. App.—Corpus Christi July 28, 2005, pet. denied) (mem. op.) (trial court
did not abuse its discretion when it dismissed inmate’s petition as untimely
under Chapter 14 because record contained no evidence establishing when
petition was placed in prison mail system; inmate’s documents which were dated
prior to deadline and included in record were insufficient to establish date).

Despite his best effort to
carefully comply with the well-nigh endless requirements of Chapter 14, and my
belief that he probably did place his
petition in hands of the prison authorities for mailing within the 31-day
period (see footnote 3), the evidence
in the record is inconclusive on this point and, thus, I am bound to concur.

 

                                                          Jim
Sharp

                                                          Justice


 

Panel
consists of Keyes, Sharp, and Massengale. 

Justice Sharp, concurring.

 











[1]          This
silence as to timeliness is likely due to the fact that the trial court
dismissed Martin’s petition on another ground—failure to state a cause of
action.  While the omission is
understandable, it is nevertheless fatal to Martin’s appeal because this Court
is obligated to affirm the dismissal of a suit filed under Chapter 14 under any correct legal theory applicable to
the case, see Snowden v. Owens, No. 01-08-00687-CV, 2010 WL 547408, at *1 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010,
no pet.) (mem. op.) (citing Birdo v. DeBose,
819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ), and Chapter 14 expressly
requires the dismissal of any claims filed more than 31 days after the date the
inmate receives a written decision from the grievance system.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002).  

 





[2]          The
record reflects that Martin received final written decisions on his four
grievances on December 19, 2008, December 23, 2008, January 22, 2009, and
February 20, 2009, respectively. 
Consequently, his deadlines to file his claims in the trial court were
January 19, 2009, January 23, 2009, February 22, 2009, and March 23, 2009,
respectively.





[3]          Specifically, the record includes Martin’s December 9, 2008 packet
of materials sent to the Brazoria County Clerk including (a) his petition, (b)
a request for permission from the local administrative judge to file his
petition, (c) a declaration regarding previously filed lawsuits, (d) a separate
declaration of exhausted administrative remedies, (e) an affidavit of inability
to pay, (f) a certified copy of his trust account statement, (g) a motion to
proceed in forma pauperis with
affidavit, and (h) a request for service of citation.  

 

The record also contains a
second letter from Martin to the Brazoria County Clerk, dated January 9, 2009,
in which Martin acknowledges that the clerk returned the contents of his prior
December 9 packet without filing them because, according to the Clerk, he had
failed to exhaust his administrative remedies. 
The cover letter to his January 9 packet noted that he once again enclosed
his petition and other relevant files, along with a new declaration of
exhausted administrative remedies pertaining to the second of his four
grievances.  In this January
9th letter Martin cites to Chapter 14’s 31-day requirement and states: “[I]t is
very important for me to file these papers now, because my time to file will
soon be out.”  Martin also acknowledges
that he has yet to exhaust his administrative remedies with respect to his
other two grievances and—presumably relying upon section 14.005(c) of Chapter
14—states that “[a]ny other claims or grievances will have to be stayed because
if I waite [sic] any longer, then my time to file claims regarding the original
injuries which are exhausted will expire.”  Tex.
Civ. Prac. & Rem. Code Ann. 14.005(c) (Vernon 2002) (stating that
“[i]f a claim is filed before the grievance system procedure is complete, the
court shall stay the proceeding with respect to the claim for a period not to
exceed 180 days to permit completion of the grievance system procedure”).  

 

The record further contains two
additional declarations of exhausted administrative remedies that appear to
pertain to his remaining two grievances.  These declarations are dated February 6, 2009
and March 3, 2009, respectively.