12-15-00180-CR


FILED IN COURT OF APPEALS
12th Court of Appeals District
JUL 13 2015
elKm
TYLER TEXAS
CATHY S. LUSK, CLERK

IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS


DONALD ADKINS
Relator

-V-

CHARLES R. MITCHELL
Respondent

ORIGINAL PROCEEDING
Relator's Application for Writ of Mandamus

Contents

Page(s)

1-6   Relator's Original Application for Writ of Mandamus

6   Certificate of Service

7   Affidavit of Fact

8   Notice to: The Justice of the Twelfth Court of Appeals

9   Certificate of Interested Persons

10   Appendix:

| Case | Pg(s) |
|------|-------|
| Hains v. Kerner 92 S.Ct. 594,596 | 8 |
| Zuniga v. Zuniga 13 S,W. 3rd 798,803 | 8 |
| Barnes v. State 832 S.W. 2nd 424,426 | 8 |
| Birdo v. DeBose 819 S.W. 2nd 212,216 | 8 |

| Exhibits | No. # |
|----------|-------|
| Inmate Request to Officals | A |
| Letter to: Sabine Co. Sheriff | B |
| Letter to: The Honorable, Charles Mitchell | C |
| Motion to: Dismiss Pending Causes/Memorandum | D1/D2 |

IN RE, DONALD ADKINS                          IN THE TWELFTH CIRCUIT
-V-                                           COURT OF APPEALS
CHARLES R. MITCHELL
DISTRICT JUDGE
SABINE COUNTY, TEXAS
AND
MR. J. KEVIN DUTTON
DISTRICT ATTORNEY
SABINE COUNTY, TEXAS

## RELATOR'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Donald Adkins, Relator in pro-se, to bring forth before this Honorable Court this Original Application for Writ of Mandamus pursuant to Tex. Gov. Code Ann. § 22.221, Vernon's Ann. C.Ce.P. art 4.03, 4.04, and 4.08 and the constitution of both the State of Texas, and the United States, and not limited there to...and will show this Honorable Court the following:

## I.
### RELATOR

Donald Adkins, TDCJ-CID No. 1792685, is currently incarcerated in the Ramsey One Unit, 1100 F.M. 655, Rosharon, Texas 77583, Brazoria County.

Relator has exhausted his remedies and has not other adequate remedy at law. The action sought to be compelled is ministerial, and not discretionary in nature.

District Attorney J.K. Dutton and the District Court's Honorable Judge, Charles R. Mitchell of Sabine county, Texas has a sworn duty to uphold the constitution and laws of the State of Texas, and our Federal Government... and, Fast and Speedy trial, and has failed to do so or has blatantly disregarded their obligation they sworn to uphold upon appointment or hire.

## II.
## RESPONDENT(S)

Respondent(s), district attorney Dutton as well as the Honorable judge Charles R. Mitchell, of the Sabine County Judicial District Court of Texas has the duty to secure and protect the Relator's due process and, fast and speedy trial rights under State and Federal law, and State and Federal Constitution.

## III
## PROCEDURAL HISTORY

1. On or about August 4, 2011, notification of pending charges became known to Relator out of the County of Sabine, State of Texas and the Relator requested his attorney, Steve Smith to invoke Speedy Trial Rights on Sabine County of Texas, Court's thereof.

2. No document evidence is in possession of the Relator ON #1 DA

3. On the dates of October 17, and November 20, 2012, Relator sent to Sabine County Court and prosecution Motions for Speedy Trial and Bench Warrant.

4. The Respondents and Court thereof never responded to the motions filed on October 17, and November 20, 2012.

5. On December 16, 2013, Relator filed (mailed) a Motion to Dismiss pending charges, complaints, indictments... et-cetra.

6. Respondents and/or Court thereof never responded.

7. On January 17, 2014, a letter to the clerk of the court of Sabine County, Texas... explained actions priorly taken by Relator and not response was provided and, Relator requested status.

8. On February 19, 2014, a letter explaining the above Number 1-7 herein of this writ's procedural history... was mailed to "Honorable Judge, Mitchell of Sabine County, Texas, an requested assistance in the interest of justice and as of this date no response.

9. Within numbers 1-8 of this writ's procedural history, the Relator has directed his rights to speedy trial an rights secured bu federal constitutional law.

10. Relator, under State and Federal law, provided notice to Respondents and the State of Texas, county of Sabine... in writing through his documents filed (mailed) with the Courts of Sabine County, Texas. See 1-9 of this writ's procedural history.

11. The Respondents have placed holders (warrants) against the Relator in his prison placement classification screen - preventing proper review of parole and institutional security levels for privileges, rights enjoyed by others, and parole consideration.

12. The holders are unconstitutional and deny the freedoms and privilege due to the Relator.

4

## VI.

## MEMORANDUM

The issuance of a writ of mandamus is a extreme remedy. Its use is limited to instances where: 1). A official has failed to preform a lawful, essentially ministerial duty; 2). The Relator has not other viable remedy at law to compel the official to act.

The Respondents have failed to prevent violations of the Relator's rights to due process and fast and speedy trial and in so doing dismissing all warrants, holds, indictments, complaints et-cetra against him known or unknown to the Relator and by failure of Respondents to perform their duties have prejudiced the Relator and violated his secured rights.

The writ of mandamus is the only viable remedy at law to compel the officials to act.

The Respondents has failed to perform their duties to secure the Relator's secured rights, and further dismiss all complaints, warrants, holds et-cetra against the Relator when he further attempted to remedy the matter before this Honorable Court of his violated rights by multiple attempts to obtain a fast and speedy trial and dismissal of the addressed complaints, warrants, holds, et-cetra after gross neglect of the Respondents during the years of attempted remedies by the Relator! It is clear that the Respondents have either failed or refused to even attempt to comply with State and Federal law and/or secured constitutional amendments. Consequently, the lasp of time has prejudiced any defense the Relator would have had in rememberance of detail, knowledge of witnesses and vital culpable and

exculpable facts necessary to show actual innocence or key factors. It must be evident that this Relator has attempted any and all appropriate exhaustive attempts of a remedy and all such attempts has thus far failed to remedy the issues at hand and error lies on part of the trial court of Sabine County, Texas in this case and that the primary issue for this appellate court must be in the interest to enforce the constitution of both State and Federal Government and restore the rights that are being over looked in ignorance of multiple attempts made by this Relator.

The actions of the Respondents are not in the best interest of justice.

Jurisdiction is proper, not just by statue under Texas State law, or that of rule of court, but... for interest to secure our constitutional intent set forth by our forfathers to overturn the crown and a single sided monarchy.

This Court has "un-wavering" jurisdiction, by rule of Court and rights of Relator.

## V.
## PRAYER FOR RELIEF

Wherefore Premises considered, Relator, Donald Adkins... in pro-se, respectfully request that this Honorable Court finds that the Respondents has either failed or refused to perform its ministerial duty and has not upheld the letter of the law and/or the constitutional intent and therefore, set forth the following:

The Relator prays for an order by this Honorable Court directing the Respondents to comply with the mandates set forth by the constitution in the Promise of Due Process and a fast and

speedy trial and dismiss with prejudice all counts held against the Relator being called a complaint, warrant, indictment et-cetera addressed by the Relator in his many attempts made in his procedural history section III of this application of a writ for mandamus were he proves Respondents has created grounds for this writ to issue.

Respectfully Submitted,

*Donald Adkins*

Donald Adkins, Pro-Se
TDCJ-CID No. 1792685
Ramsey One Unit
1100 F.M. 655
Rosharon, Tx. 77583

## CERTIFICATE OF SERVICE

I do hereby certify that a complete copy of the foregoing Application for Writ of Mandamus was sent via U.S. mail to:

1. Charles R. Mitchell
   273rd District Court
   Sabine County, Texas

2. J. Kevin Dutton
   District Attorney
   Sabine County, Texas

Mailed this 6th day of **July** 2015, by way of Regular U.S. mail.

Respectfully Submitted,

*Donald Adkins*

Donald Adkins, Pro-Se
TDCJ-CID No. 1792685
Ramsey One Unit
1100 F.M. 655
Rosharon, Tx. 77583

7

## AFFIDAVIT OF FACT

I, Donald Adkins, do hereby state:

1. I am Donald Adkins, Relator in the accompanied application for writ of mandamus and this affidavit residing at 1100 F.M. 655, Rosharon, Texas 77583 with TDCJ-CID No. 1792685.

2. I do hereby state that all claims made before this Honorable Court in the referenced application of writ of mandamus are of fact to the best of my knowledge.


I do hereby under oath make these claims as fact before this Honorable Court and do so under the laws of perjury.


on this 6th day of July
Year of 2015.

Donald Adkins
TDCJ-CID No. 1792685
Ramsey One Unit
1100 F.M. 655
Rosharon, Tx. 77583

To the Honorable Justices of the Twelfth Court of Appeals:

Please take into consideration that Relator is by no means a lawyer, nor a paralegal. Relator is merely a layman of the law; and, therefore, prays this Court review his Petition for Writ of Mandamus with patience, liberality, and affording the greatest relief that can be construed to his benefits and deserves in the interest of justice.

Pro-Se pleadings are held to less stringent standards than formal pleadings drafted by a lawyer, and thus an appellate court will review such pleadings with patience and liberality. See federal precedent, applied to TEXAS 'appellates' pleadings, In Re Taylor, 28 S.W.3d at 245 (Tex.App.- Waco 2000), counsels:

"The United States Supreme Court has instructed that we hold pro-se pleadings 'to less stringent standards than formal pleadings drafted by lawyers'. Hains v. Kerner, 92 S.Ct. 594, 596 (1972; accord Zuniga v. Zuniga, 13 S.W.3d 798, 803 (Tex.App. San Antonio 1999, no. pet.); Barnes v. State, 832 S.W.2d 424, 426 (Tex.App. Houston [1st Dist.] 1992, orig. proceeding); Birdo v. DeBose, 819 S.W.2d 212, 216 (Tex.App. Waco 1991, no writ). Thus, we review such pleadings 'with patience and liberality'. Barnes, 832 S.W.2d at 426; accord Birdo, 819 S.W.2d at 216."

Relator presents the following issue to the best of Relator's ability with utmost respect to this Honorable Court Justices.

Respectfully Submitted,

Donald Adkins, Pro-Se
TDCJ-CID No.1792685
1100 FM 655
Rosharcn, Texas 77583

9

CERTIFICATE OF INTERESTED PERSONS

I, Donald Adkins, TDCJ-CID No. 1792685, proceeding pro-se, certify that the following list constitutes those persons interested in the outcome of this litigation.

Charles R. Mitchell
273rd District Court, Sabine County
200 San Augustine Street
Center, Tx. 75935

J. Kevin Dutton
District Attorney of the 273rd District Court
P.O. Box 714
San Augustine, Tx. 75972

Respectfully Submitted,

*Donald Adkins*

Donald Adkins, Pro-Se
TDCJ-CID No. 1792685
Ramsey One Unit
1100 F.M. 655
Rosharon, Texas 77583

Ex A

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _Mail Room_
(Name and title of official)

DATE: _Sept - 5- 13_

ADDRESS: _Buster Cole_

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Please send me the dates of the Legal mail set out by me, to Sabine County Clerk of courts - County Court in the months of October and November of 2012, Thank you for your time and assistance in this matter.

**Name:** Donald Adkins

**Living Quarters:** K-9-6 (overflow)

**No:** 1792685

**Unit:** Buster Cole

**Work Assignment:** Med Sq 600 - 1300

**DISPOSITION:** (Inmate will not write in this space)

10-17-12
11-20-12 } those are the only two

☆I-60 (Rev. 11-90)

To: Sabine County Shariff                    RE: Riccardo L. Gabella
    Shariff, Tom Maddox
    P.O. Box 848
    Hemphill, Texas 75948-0848

Sir;

   I am writing to you in regards to the matters of
Shamrock Shores,

-1st; I need to explain I have tried to clear the matters up
involving all criminal Complaints and Charges against myself and
The Illegal Conviction of Rachelle L. Martin.

-2nd; Items found in Rachelle L. Martin's Storage Unit's and our
Residence in Milam... Were Payment and Property that was of
Ernest Rick Telitz of Carter Ferry Rd.

-3rd; We allowed Mr. Telitz, To use our Storage Space because
he had supposidly went to California or Arizona to pick up
his property and being ~~~~ it all down to Texas. We allowed him
to put it in storage and I had done work on his mobile home and
accepted Payment in cash and some Items.

4th; Rachelle Martin was convicted of crimes she did not committ.
If her and I are guilty of anything it would be for Receiving Stolen
Property.

5th; I have filed (Mailed by Recorded Mail) Motions & Petitions For;
Speedy trial, Bench warrent, appointment of Counsel with No Response.
Then I filed a motion to dismiss all pending Charges complaints,
Indictments etcetra... Then I wrote the Honorable Judge, Mitchell of Sabine
County Texas,,, and No response.

-6th; I have contacted every one except you to clear this up and bring the Truth to light.

-7th; I have Terminal Cancer and I would Like to have everything that is held against me over and done with.

Three fore; I am asking you to help Clear Rachelle Martain's Name and obtain a response to me on the Documents I filed.

Donald Adkins
1792685
3801 Silo Rd
Bonham, Texas 75418
Buster Cole Unit

Sincearly

Donald Adkins
Donald Adkins
AKA Riccardo L. Gabella

Ex, C

The Honorable; Charles Mitchell,

On this 19th day
of February 2014

Your Honor,

I am writing to you in the regards to the following
Cause Numbers:
1. IF 110059          2. IF 110061
3. IF 110063          4. IF 110065
5. IF 110067

On the dates of; October 17, 2012 and, November
30th, 2012... I have mailed Motion for Speedy trial and
Motion for Bench Warrant.
On the date of December 16th, 2013... I mailed a motion
to dismiss Pending Cause, Complaint, Indictment ... et-Citra.
On or about the 17th day of January, 2014. a letter to the
Clerk of Court:

The District Clerk.
Courthouse; 201 Main St.
P.O. Box 850, Hemphill, Tx. 75948

in Re: Response Request

I explained that I sent a Motion on Dec. 16th, 2013 and serviced
the Sabine County Prosecutor a Copy as well... and that I never
Recieved a Time Stamped Copy nor any other type of Notice of
the Filing of my Documents. Nothing that I have sent has
been Responded to or Notice of acceptance.
I have Document Proof that the Institution has mailed
my Documents... So Now, I come to you and Respectfully ask
you to intervene and inquire as to why I have not been given
a Response to 3 Separate Filings of my Legal documents.
I personally Thank you for your time in this matter.

Respectfully,
Donald Atkins
Donald Atkins (1792685)
3801 Silo R, Bonham, Tx 75418

Ex: D1

THE STATE OF TEXAS

-Vs-

DONALD ADKINS
Defendant

[

]

[

IN THE _____ District

COURT...OF SABINE COUNTY, TEXAS

RE: _ _ _ _ _ _ _ _

---

MOTION TO DISMISS PENDING CAUSE,

COMPLAINT, INDICTMENT..et-cetra

Now comes Defendant, Donald Adkins, in pro-se..., to respectfully request this Honorable Court to Dismiss [ALL] Pending Charges, Complaints, Indictments, or any and all actions against the above defendant herein (...Of the Defendant's Knowlwdge, the cause No.(s): If110067, If110059, If110063, If110061, If110065 are currently against him witnin the County of Sabine the State of Texas...,) and further address any and all known or unknow investigational causes against him within the Courts of Sabine County, and the State of Texas (Jurisdiction thereof).

The Defendant Sets forth this Motion through Both the Constitution(s) of Texas and the United States...U.S. Con. 6th Amend. Art. 1§10 of Texas.

The Petioner-Defendant respectfully request that this Honorable Court set-forth the dismissal of the above formentioned with **Prejudice**.

The Defendant Furthers in support this motion with: Memorandum in Support and a Affidavit of inability to pay (in forma pauperis). (attacked to Oregenal # Proseeutions Copy.)

Respectfully Submitted;

*Donald Adkins*

Donald Adkins     in-pro-se
#1792685

3801 SILO RD
Bonham Texas 75418

Marled this 16th day of lbc. 2013
motion, Memorandum, 7 Affidavit 7
Cirtificate of Servece".

Kevin Ray Johnson #1373916
witness

Stev Dohn #1826254
witness

## Memorandum in support

The Defendant, Donald Adkins, moves this Honorable Court in his Motion to request the dismissal of "Pending Charges, Complaints, Causes...et-cetra".

On the Dates of: October 17, 2012 and November 20th of 2012...The Defendant did infact Mail to the Clerk of this Honorable Court a Motion for Speedy Trial and a Motion for Bench warrent.

Before this Honorable Court the Defendant provides that BOTH Constitutions for the State of Texas and that of the United States HOLD: 180 DAYS begin the flag of warning ....and under just cause the dismissal of any action that is not brought before the court of Jurisdiction. The Court in Knox -vs- State934 SW2d @681 Held: " A 8 Month Delay is generally Sufficent to TRIGGER "Speddy Trial Claim"....The Court also Held that "The Dismissal of the Indictment is the Only way...see Wingo @ 92 S.Ct. 2182...Furthering that the Defendant HAS NO DUTY TO BRING HIMSELF TO TRIAL.

The Defendant has Knowledge of the HOLDS of Sabine County, Texas against him, and has made 2 prior attempts to address this matter and a year plus has passed and therefore; Prejudice exist in part as well as a violation of the right to Speedy Trial and the Defendant Respectfully prays that the Court dismisses all counts, causes or Holds known against him with..."Prejudice", and waive any and all known or unknown cost, fines fees against him in this action herein [Affidavit of Inability to Pay......"in forma pauperis"] attached herein/to. Attached to Original & Prosecutions Copy)

The Defendant has Given Prior Notice of his rights to Speedy Trial to the State of Tenn. Prior to the 180 day Status of Speedy Trial

Indigency

Respectfully Submitted;

Donald Adkins

Donald Adkins  1792685(TDCJ)

Buster Cole St. J. Unit

Bonham, Tx. 75418