02-10-212-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00212-CV

 

 


 
 
 Willie A. Milton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Nathaniel Quarterman, Director,
 Texas Department of Criminal Justice-Correctional Institutional Division;
 Jennifer Smith, Chairperson DRC August 11th, 2009; and Karri Hansford, Allred
 Mail Room Supervisor
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
30th District Court OF Wichita
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

In
four points,[2]
Appellant Willie A. Milton, appearing pro se and in forma pauperis, appeals the trial court’s order dismissing his
claims against Appellees Nathaniel Quarterman, Jennifer Smith, and Karri
Hansford under chapter 14 of the civil practice and remedies code.  We will affirm the trial court’s judgment.

Background Facts

          Mr. Milton is an inmate of the Texas
Department of Criminal Justice (TDCJ).  On
October 28, 2009, the prison mail room received a package addressed to Mr.
Milton containing publications from a “Left wing insurrectionary anarchist
organization.”  TDCJ denied Mr. Milton
the receipt of one publication, entitled Fire
to the Prisons, An Insurrectionary Anarchist Quarterly, Issue
No. 6.  Three other publications in
the package, entitled Unfinished Acts,
The January Rebellions; Modesto
Anarcho, The Valley’s Insurrectionary Journal of Class Struggle; and Fire to the Prisons, Issue No. 5 were not delivered until November
17, 2009.  The form denial notice that
Mr. Milton received regarding Fire to the
Prisons, Issue No. 6 indicated that the publication was denied because two
pages contained “material that a reasonable person would construe as written
solely for the purpose of communicating information designed to achieve the
breakdown of prisons through offender disruption such as strikes or riots.”  Mr. Milton did not receive any information as
to why the three publications were delayed.

          Mr. Milton appealed the denial of Fire to the Prisons,
Issue No. 6 to the Director’s Review Committee (DRC), which upheld the
denial.  He then filed suit in the
district court seeking review of an administrative agency ruling, declaratory
judgment, injunctive relief, and claiming a violation of his civil rights.  The Appellees filed
a motion to dismiss arguing, among other things, that Mr. Milton’s claims were
frivolous; that Mr. Milton did not overcome the Appellees’ qualified immunity;
and that he did not comply with chapter 14 of the civil practice and remedies
code.  See Tex. Civ. Prac. & Rem. Code §§ 14.003,
.005 (Vernon 2002).  The trial
court granted the TDCJ’s motion, and Mr. Milton filed this appeal.

Standard of Review

We
review a dismissal of an in forma pauperis suit under an abuse of
discretion standard.  Hickson
v. Moya, 926 S.W.2d 397,
398 (Tex. App.—Waco 1996, no writ); see Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston
[14th Dist.] 1996, writ denied).  Abuse
of discretion exists where a court acts without reference to applicable guiding
principles, acts arbitrarily, or misinterprets or misapplies those guiding
rules or the law.  Vacca v. Farrington,
85 S.W.3d 438, 440 (Tex. App.—Texarkana 2002, no pet.); Letson v. Barnes,
979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied).  Trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler
1994, no writ).  We will affirm
such a dismissal if it was proper under any legal theory.  Birdo v. Debose,
819 S.W.2d 212, 215 (Tex. App.—Waco 1991, no writ).  In considering the record before us, we review
and evaluate pro se pleadings with liberality and patience, but otherwise apply
the same standards applicable to pleadings drafted by lawyers.  Foster v. Williams, 74 S.W.3d 200, 202
(Tex. App.—Texarkana 2002, pet. denied).

Discussion

A
court may dismiss a claim under chapter 14 if the court finds that the claim is
“frivolous or malicious,” Tex. Civ. Prac. & Rem. Code Ann. § 14.003, or if
the inmate has failed to exhaust his administrative remedies,
 Id.
§ 14.005.  In determining whether a claim
is frivolous or malicious, the court may consider whether

(1) the claim’s realistic
chance of ultimate success is slight;

(2) the claim has no
arguable basis in law or in fact;

(3) it is clear that the
party cannot prove facts in support of the claim; or

(4) the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.

 

Id. §
14.003(b).

When
the trial court dismisses a claim without a hearing, we are to determine on
appeal simply whether the claim had no arguable basis in law, which we review
de novo.  Moreland
v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no
pet.); Sawyer v. Tex. Dep’t of Criminal Justice, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet.
denied).  That is because when a
claim is dismissed without a fact hearing, the trial court could not have
determined that the suit had no arguable basis in fact.  Harrison v. Tex. Dep’t of Criminal
Justice-Inst. Div., 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.]
1995, no writ); see Vacca,
85 S.W.3d at 441; In re Wilson, 932 S.W.2d 263, 265 (Tex. App.—El Paso
1996, no writ).  We review Mr. Milton’s
claims accordingly.

A.  
Exhaustion
of Administrative Remedies

Under
section 14.005, an inmate who is suing on “a claim that is subject to the
[TDCJ] grievance system” must, as a prerequisite to suit, file a claim with the
grievance system and receive a written decision.  Tex. Civ. Prac. & Rem. Code Ann § 14.005.  As the plain language of the statute provides,
section 14.005 does not apply to claims that are not grievable.  According to the Offender Orientation Handbook, grievable issues include
”[t]he interpretation or application of TDCJ policies, rules,
regulations, and procedures” and “[t]he actions of an employee.”  Tex. Dep’t of Criminal
Justice, Offender Orientation Handbook 53
(Nov. 2004), available at http://www.tdcj.state.tx.us/publications/cid/Offend OrientHbkNov04.pdf.
 Non-grievable issues include “[m]atters for which other appeal mechanisms exist.”  Id.  In his third point, Mr. Milton claims that
the trial court abused its discretion by dismissing his causes of action for
his failure to exhaust his administrative remedies.  We agree with Mr. Milton that he has
exhausted his administrative remedies in regard to the denial of Fire to the Prisons, Issue No. 6;
however, we do not agree that he has exhausted the administrative remedies in
regard to the delayed delivery of the other publications.

TDCJ
Board Policy 3.91 sets out the appeal process for the rejection of publications.  See Tex. Dep’t of
Criminal Justice, Board Policy 3.91, Uniform Offender Correspondence Rules 13
(Feb. 2010), available at http://www.tdcj.state.tx.us/policy/BP0391r2_fnl.pdf.  To appeal, an inmate must make a written
notice of appeal to the DRC within two weeks of the notification of
rejection.  Id.  The DRC must then render
a decision within two weeks of receiving the appeal.  Id.  Mr. Milton appealed the denial of Fire to the Prisons, Issue No. 6 through
the proper channel and filed the final written decision of the DRC with his
petition.  Because there was an
alternative appeal mechanism for denials of publications, Mr. Milton was not
required (and not able) to file a complaint through the grievance system.  Mr. Milton thus exhausted his administrative
remedies regarding the denial of Fire to
the Prisons, Issue No. 6.

However,
the Board Policy regarding correspondence does not provide an appeals process
for mail delays.  See Board Policy 3.91.  As
Mr. Milton notes, the delayed publications were not listed on the publication
denial form he received, and he did not complain of their delay to the
DRC.  Because there was no appeals system
set up for mail delays, the administrative remedy for such issues is the grievance
system.  See Offender Orientation Handbook
53.  Under chapter 14, Mr. Milton was
required to file a grievance regarding the mail delays and receive a written
response.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.005.  Mr. Milton did not file a grievance and
therefore did not exhaust his administrative remedies in regards to the delay
of the three publications.  The trial
court properly dismissed his claims regarding the delayed publications.  We therefore overrule Mr. Milton’s third
point to the extent he complains of the delayed publications.  As to the denied publication, we continue our
analysis below.

B.  
Frivolous
or Malicious Claims under Chapter 14

1.   
Free
Speech Claims

In
his first point, Mr. Milton complains that the trial court abused its
discretion by dismissing his claims as frivolous or malicious under chapter 14
of the civil practice and remedies code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.003.  Mr. Milton first argues that the denial of an
issue of the periodical Fire to the
Prisons violates his first amendment rights.  See
U.S. Const. amend. I. 
“[I]n determining the constitutional validity of prison practices that
impinge upon a prisoner's rights with respect to mail, the appropriate inquiry
is whether the practice is reasonably related to a legitimate penological interest.” 
Brewer v.
Wilkinson, 3 F.3d. 816, 824
(5th Cir.1993).  The denial of the
Fire to the Prisons issue, which was
determined by TDCJ to contain “material that a reasonable person would construe
as written solely for the purpose of communicating information designed to
achieve the breakdown of prisons through offender disruption such as strikes or
riots,” was reasonably related to the legitimate interest of preventing strikes
and riots in the prison.  See Chriceol v. Phillips, 169 F.3d 313,
316 (5th Cir. 1999) (holding that prison mail policies which restrict access to
potentially violence-producing materials is constitutionally valid).  Thus, Mr. Milton has failed to set forth a
cognizable First Amendment claim.

2.   
Equal
Protection 

Mr.
Milton next claims that the denial of Fire
to the Prisons violates the equal protection clause of the Constitution
because the denial “wou[l]d not be employed upon and against a White inmate who
has exercised his right to seek out judicial review in a previous incident of
mail denial.”  See U.S. Const. amend. XIV.  To assert an equal
protection claim, Appellant must establish two elements: 1) that he was treated
differently than other similarly situated parties, and 2) that he was treated
differently without a reasonable basis.  Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex. App.—Houston
[14th Dist.] 2001, no pet.).

Reviewing
Mr. Milton’s brief as liberally as possible,[3] Mr.
Milton has done nothing more than to state that the appellee’s violation of
TDCJ policy “inherently violates” the Fourteenth Amendment.  He has provided no argument, no analysis, and
no law.  Nor did his petition set out any
facts or argument regarding equal protection.  His response to the appellee’s motion to
dismiss was likewise devoid of argument, analysis, and law.  Mr. Milton’s own pleadings and documents show
that the publication was denied because it contained “information designed to
achieve the breakdown of prisons through offender disruption”—a legitimate
reason for denial.  Mr. Milton has failed
to allege any facts that, if true, would support his contention that the
publication was not denied for a legitimate reason, but instead was denied
because of his race.  The trial court was
within its discretion to find that Mr. Milton’s equal protection claim had no
realistic chance of success.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(b).

3.   
Procedural
Due Process

Mr.
Milton alleges that the Appellees’ failure to note the three “held”
publications on the denial notification he received denied him the due process
by which to complain of their delay.  As
we noted above, Mr. Milton was afforded a process by which to complain—the TDCJ
grievance system.  Mr. Milton did not
file a grievance and did not obtain a final administrative decision on the
delayed publications.  He cannot now
complain of a due process violation as we have affirmed the trial court’s
dismissal of these claims.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.005.  Mr.
Milton’s claims relating to the denied publication had no arguable basis in law,
and he failed to state any constitutional claim.

We
hold that the court did not abuse its discretion by dismissing Mr. Milton’s
claims as frivolous or malicious under chapter 14, and we overrule his first and
fourth points.  Because we hold that
dismissal as to all claims was proper under at least one theory, we do not
reach Mr. Milton’s second point.[4]  See
Tex. R. App. P. 47.1.

Conclusion

          Having affirmed the dismissal of Mr.
Milton’s claims on at least one theory, we affirm the judgment of the trial court.

 

LEE GABRIEL
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  March 3, 2011











          [1]See
Tex. R. App. P. 47.4.





[2]Mr.
Milton’s brief presents five points of error, but he explicitly “abandons”
point five in his brief.  Because he has
abandoned point five on appeal, we will not address it.





[3]Mr.
Milton complains in his fourth point that the court erred in not liberally
construing his pleadings.  We first note
that “[a] pro se inmate’s petition
should be viewed with liberality and patience and is not held to the stringent
standards applied to formal pleadings drafted by attorneys.”  Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th
Dist.] 2005, no pet.).  However,
we also recognize that pro se litigants must abide by the same standards as
licensed attorneys and comply with applicable laws and rules of procedure.  See Amir-Sharif v. Mason, 243 S.W.3d
854, 856–58 (Tex. App.—Dallas 2008, no pet.) (citing Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex.1978)).  Even with a liberal review of the pleadings,
the trial court acted properly and within its discretion to dismiss the case for
failure to meet the requirements of chapter 14. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.003.





[4]We
do note, however, that Mr. Milton’s second point complains that the trial court
erred by dismissing his claims for his failure to provide a certified copy of
his inmate trust fund account statement, as required by chapter 14.  See
Tex. Civ. Prac. & Rem. Code
Ann. §§ 14.004(c), .006(f).  The
State conceded in its brief that Mr. Milton did in fact attach the requisite
copy of the account statement.